No. 120,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA E. TEARNEY,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 2017 Supp. 22-3716(c)(9)(B) permits a district court to revoke a defendant's probation without having imposed a graduated sanction if probation was originally granted as the result of a dispositional departure. This dispositional departure exception, enacted on July 1, 2017, applies to probation violations which occur after July 1, 2013, even when those violations occurred before the dispositional departure exception took effect.

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed December 20, 2019. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and MCANANY, S.J.

1

GARDNER, J.: Jessica E. Tearney's probation violation case is before us a second time. We remanded it the first time because the district court improperly revoked her probation, erroneously believing that Tearney had served two intermediate sanctions, as our statute generally requires. While Tearney's case was on appeal the first time, the law changed. The Legislature enacted a new exception to rule requiring intermediate sanctions—the dispositional departure exception. K.S.A. 2017 Supp. 22-3716(c)(9)(B). On remand, the district court applied that new exception and again revoked Tearney's probation. Tearney appeals, claiming that dispositional departure exception does not apply retroactively and that no other exception permitted the district court to revoke her probation. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Tearney pleaded no contest to one count of distributing narcotics within 1,000 feet of a school. That offense warrants a presumptive prison sentence. So the district court sentenced Tearney to an underlying term of 49 months in prison and 36 months of postrelease supervision, but it granted her motion for a dispositional departure and placed her on probation for 36 months. It also ordered her to register as an offender pursuant to the Kansas Offender Registration Act (KORA).

In June 2015, Tearney violated her probation in her distribution case. As a result, the district court ordered Tearney to serve a three-day, "quick dip" jail sanction, with credit for time served. This complied with our statutes, which, with certain exceptions, generally require the district court to impose two intermediate sanctions (a three-day jail term and a 120 or 180-day jail term) before revoking a violator's probation and imposing the original sentence. See K.S.A. 2014 Supp. 22-3716(c).

In October 2015, the State moved to revoke Tearney's probation because she had committed new violations. The State also charged Tearney in a separate case with four

2

counts of violating KORA. Tearney pleaded guilty to two counts of violating KORA and the district court dismissed the remaining two counts in accordance with Tearney's plea agreement. But the district court did not discuss Tearney's October 2015 probation violations in her distribution case, and Tearney has apparently never been sanctioned for them.

When sentencing Tearney for her two KORA violations, the district court followed the plea agreement. It sentenced Tearney to two concurrent terms of 18 months' imprisonment with 24 months of postrelease supervision, then suspended her sentence to 24 months of probation. Although Tearney was in custody awaiting sentencing in the KORA case, the district court incorrectly believed that she was serving a 120-day intermediate sanction for her October 2015 violations of probation in her distribution case. As a result, the district court released Tearney from custody.

In 2016, Tearney again violated her probation in her distribution case and in her KORA case, as she admitted. The district court revoked Tearney's probation in her distribution case because it thought she had served two intermediate sanctions. But Tearney had never served a second sanction. The district court also revoked Tearney's probation in the KORA case because it found that her well-being would be better served if she were incarcerated and that she was not amenable to probation because of her drug use. Tearney appealed both decisions.

On appeal, this court reversed the district court's decision in part and affirmed it in part. See *State v. Tearney*, No. 117,022, 2018 WL 2748573, at *4 (Kan. App. 2018) (unpublished opinion). The *Tearney* panel found that the district court erred in revoking Tearney's probation in her distribution case because it lacked statutory authority to revoke without first imposing the required 120-day or 180-day intermediate prison sanction. 2018 WL 2748573, at *3. The panel, however, rejected Tearney's argument that the district court had failed to make particularized findings when revoking her probation

3

in the KORA case. So the panel affirmed the district court's decision on Tearney's KORA case and reversed the decision in her distribution case. 2018 WL 2748573, at *4.

On remand, after hearing arguments from the parties, the district court again revoked Tearney's probation in her distribution case. The district court relied on two grounds:

- K.S.A. 2017 Supp. 22-2716(c)(9)(B), which permits revocation of probation without having imposed a graduated sanction if "probation . . . was originally granted as the result of a dispositional departure."
- K.S.A. 2017 Supp. 22-3716(c)(9)(A), which permits revocation of probation without having imposed a graduated sanction if "[t]he court finds and sets forth with particularity the reasons for finding that . . . the welfare of the offender will not be served by such sanction."

It found Tearney's welfare was "jeopardized by her failure . . . to seek drug treatment and continue to give positive UAs."

Tearney timely appeals. She contends (1) the dispositional departure exception was not in effect when she violated her probation so it should not apply to her; and (2) the district court failed to state with particularity the reasons for finding that her welfare would not be served by an intermediate sanction.

I.     DID THE DISTRICT COURT ERR BY REVOKING TEARNEY'S PROBATION WITHOUT IMPOSING AN INTERMEDIATE SANCTION?

We first address Tearney's argument that the district court erred in retroactively applying K.S.A. 2017 Supp. 22-3716(c)(9)(B) to revoke her probation. That statute permits a district court to revoke a defendant's probation without having imposed a

4

graduated sanction if probation was originally granted as the result of a dispositional departure. Tearney concedes that her probation was originally granted as the result of a dispositional departure, but she contends that this statute was not in effect when she violated her probation so it should not apply to her.

This issue raises a question of law, over which we exercise de novo review. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015). Likewise, we also exercise unlimited review over statutory interpretation. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be determined. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). We must first attempt to determine legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). When a statute is plain and unambiguous, we should not speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words. 309 Kan. at 164.

*Preservation*

Before addressing whether the dispositional departure exception should apply here, we must first address the State's argument that Tearney failed to raise that issue below so the panel should refuse to consider it on appeal. Tearney concedes that she did not raise this issue before the district court. It is well-established that issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

But an exception exists when a newly asserted theory involves only a question of law arising on proved or admitted facts and finally determines the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Tearney asserts this exception here. Supreme

5

Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. Litigants who flout this rule risk a ruling that the issue is improperly briefed and will be considered waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Our Supreme Court strictly enforces that rule. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). To meet that standard, Tearney cites *State v. Stuart*, No 118,818, 2018 WL 6424250, at *2 (Kan. App. 2018) (unpublished opinion). She argues that we should consider her argument because we previously considered a similar unpreserved argument on appeal. We find that Tearney has sufficiently addressed the preservation issue so we will consider the merits of her claim.

*Retroactive Application of the Dispositional Departure Exception*

K.S.A. 22-3716(c) generally requires district courts to impose intermediate sanctions for probation violations before revoking probation. Even so, under K.S.A. 2017 Supp. 22-3716(c)(9)(B), the district court may revoke a defendant's probation without having imposed a graduated sanction if "probation . . was originally granted as the result of a dispositional departure." This dispositional departure exception took effect on July 1, 2017, after Tearney violated her probation. See L. 2017, ch. 92, § 8.

Tearney argues that the dispositional departure exception does not apply retroactively, citing *State v. Coleman*, No. 118,673, 2018 WL 6580094 (Kan. App. 2018), *rev. granted* 310 Kan. __ (Sept. 3, 2019). In *Coleman*, a panel of this court found that this dispositional departure exception was punitive, so applying it retroactively would violate the Ex Post Facto Clause. See 2018 WL 6580094, at *3-4 (citing *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S. Ct. 960, 67 L. Ed. 2d 17 [1981]) (violation of the Ex Post Facto Clause has two elements: the statute must apply to events before its enactment and it must disadvantage an offender); see also *State v. Petersen-Beard*, 304 Kan. 192, 196, 377

P.3d 1127 (2016) (an offender is disadvantaged by application of a punitive statute). Yet Tearney makes no ex post facto or other constitutional claims here.

The *Coleman* panel rejected the State's argument that another subsection of the statute—K.S.A. 2017 Supp. 22-3716(c)(12)—showed that our Legislature intended for the dispositional departure exception to apply retroactively to probation violations committed on or after July 1, 2013. 2018 WL 6580094, *4. The State makes that same argument here.

K.S.A. 2017 Supp. 22-3716(c)(12) specifically addresses retroactivity: "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced."

The statute's provision stating that the violation sanctions provided "in this subsection" shall apply to any violation of probation after July 1, 2013 (K.S.A. 2017 Supp. 22-3716[c][12]), was in effect when the Legislature added the dispositional departure exception to that same subsection in 2017 (K.S.A. 2017 Supp. 22-3716[c][9][B]). The language in subsection (c)(12) that the violation sanctions provided in this subsection apply "regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced" shows the legislature contemplated the situation here. K.S.A. 2017 Supp. 22-3716(c)(12). A plain reading of this statute convinces us that the legislature intended the dispositional departure exception, also in subsection (c), to apply to crimes committed on or after July 1, 2013. Had they not intended that result, they could have easily put the dispositional departure exception in a subsection other than subsection (c) or could have amended the language of subsection (c)(12).

7

Another panel of our court has addressed the interplay of the dispositional departure exception and K.S.A. 2017 Supp. 22-3716(c)(12), reaching the same result:

> "Importantly, this language specifically says that the provisions 'in this subsection' are included. When the Legislature added K.S.A. 2017 Supp. 22-3716(c)(9)(B) in 2017, it was fully aware of the retroactivity language in K.S.A. 2017 Supp. 22-3716(c)(12) and it did not alter or amend the language in any way. See *In re Tax Appeal of American Restaurant Operations*, 264 Kan. 518, 524, 957 P.2d 473 (1998) ('The legislature is presumed to know the law.')." *Stuart*, 2018 WL 6424250, at *3.

We agree with that analysis.

Tearney argues that this court rejected that result in *State v. Kurtz*, 51 Kan. App. 2d 50, 340 P.3d 509 (2014). *Kurtz* held that "the date that controls the law that applies to the imposition of sanctions for violating probation is the law that existed when a defendant violated probation, not the law that existed when the defendant committed the underlying crime . . . nor the law in effect when the probation hearing occurred." 51 Kan. App. 2d at 56. But Kurtz had violated his probation in June 2013, before subsection (c)(12) took effect on July 1, 2013, so the sanction provisions did not apply—sanctions "apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013." K.S.A. 2017 Supp. 22-3716(c)(12).

We believe Judge Malone's dissent in *Coleman* properly considered the holding in *Kurtz* and the application of K.S.A. 2017 Supp. 22-3716(c)(12). In that dissenting opinion, Judge Malone found that "K.S.A. 2017 Supp. 22-3716(c)(12) expresses a legislative intent that the intermediate sanction provisions of K.S.A. 2017 Supp. 22-3716(c) apply retroactively to any probation violation occurring on or after July 1, 2013." 2018 WL 6580094, at *5. He noted that *Coleman*'s majority read too much into the *Kurtz* holding:

8

"The court in *Kurtz* was simply making the point that whether the sanction provisions of K.S.A. 2017 Supp. 22-3716(c) apply depends on the date the defendant violated his or her probation, rather than when the original crime was committed or when the defendant was originally sentenced. The court found that the sanction provisions did not apply in that case because Kurtz violated his probation in June 2013, before the new law went into effect on July 1, 2013. But there is nothing about the holding in *Kurtz* that prevented the district court in Coleman's case from applying the provisions of K.S.A. 2017 Supp. 22-3716(c)(9)(B) to Coleman's probation violation even though this provision became effective after Coleman absconded in January 2017." 2018 WL 6580094, *5.

We believe this reading of K.S.A. 2017 Supp. 22-3716(c)(12) corresponds more appropriately with the plain language and other rules of statutory construction than does *Coleman*'s majority opinion. The intermediate sanction provisions of K.S.A. 2017 Supp. 22-3716(c) apply retroactively to any probation violation occurring on or after July 1, 2013. As a result, the dispositional departure exception, enacted on July 1, 2017, applies to Tearney's probation violations which occurred in 2016, even though her violations occurred before that exception took effect.

## II. IS IT UNFAIR TO APPLY THIS STATUTE RETROACTIVELY?

Tearney next argues that even if the dispositional departure exception may apply retroactively, it would be unfair to apply that exception here. Tearney relies on the premise that "courts do not give retroactive effect to changes in the law when doing so would result in manifest injustice." *White v. State*, 308 Kan. 491, 502, 421 P.3d 718 (2018). Tearney contends that manifest injustice exists because it would be "obviously unfair" to allow the district court to employ the dispositional departure exception on remand when it could not have used that exception on the date she violated her probation. See *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 (2014) (defining "manifest injustice" as "obviously unfair," when considering the timeliness of K.S.A. 60-1507 motions).

9

We are not persuaded. The "fairness" of applying the dispositional departure statute retroactively is a policy question that the Legislature has already decided. The plain language of K.S.A. 2017 Supp. 22-3716(c)(12), read together with K.S.A. 2017 Supp. 22-3716(c)(9)(B), permits the district court to employ the dispositional departure exception on remand even though it could not have applied that exception in 2016 when Tearney violated her probation. We understand how Tearney could consider that result unfair. But "courts 'are not free to act on . . . [their own] view of wise public policy' in matters governed by legislation. Courts should instead 'leave the guidance of public policy through statutes to the legislature.' [Citations omitted.]" *In re Marriage of Hall*, 295 Kan. 776, 784, 286 P.3d 210 (2012).

A separate reason cuts against Tearney's argument of unfairness. When the district court revoked Tearney's probation, Tearney's case was not final. Changes in the law generally apply to cases not yet final. See *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013). And when we remanded Tearney's case for a new dispositional hearing we did not order the district court to impose an intermediate sanction. So the district court did not violate the remand order even though it revoked Tearney's probation at the close of the new dispositional hearing. We find no manifest injustice.

We find it unnecessary to reach Tearney's argument that the district court failed to state specifically enough its alternative finding that her welfare was jeopardized. See K.S.A. 2017 Supp. 22-3716(c)(9)(A).

Affirmed.

10