NOT DESIGNATED FOR PUBLICATION

No. 120,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA E. TEARNEY,
*Appellant*.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion on remand filed July 24, 2020. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., MALONE, J., and MCANANY, S.J.


PER CURIAM: This probation revocation case comes before us by an order from the Kansas Supreme Court summarily vacating our opinion in *State v. Tearney*, 57 Kan. App. 2d 601, 457 P.3d 178 (2019), and remanding it for consideration in light of *State v. Coleman*, 311 Kan. 332, 460 P.3d 828 (2020). Tearney appeals from the district court's revocation of probation in her drug distribution case, based on her probation violations in 2016.

1

*Coleman* held that the statutory subsection authorizing revocation of probation without intermediate sanctions if probation was originally granted as the result of a dispositional departure did not apply retroactively. It specified that the K.S.A. 2017 Supp. 22-3716(c)(9)(B) exception, which allows a trial court to revoke a probationer's probation without first imposing graduated sanctions if the probation was granted as a result of a dispositional departure, applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017. 311 Kan. at 337. Tearney violated her probation before July 1, 2017. As a result, K.S.A. 2017 Supp. 22-3716(c)(9)(B) does not apply to her.

But along with the dispositional departure exception, the district court relied on a separate exception in revoking Tearney's probation without imposing intermediate sanctions—the violator welfare exception. We now find it necessary to examine this exception.

Under this exception, the district court may revoke an offender's probation without imposing intermediate sanctions when an intermediate sanction will not serve the welfare of the offender. K.S.A. 2017 Supp. 22-3716(c)(9)(A). This exception requires the district court to "find[ ] and set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(9)(A). This exception became effective July 1, 2013—see L. 2013, ch. 76, §5(c)(9)—and it applies to Tearney's probation violations in this case.

"""When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.""" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018) (quoting *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992]). Mere conclusory statements about probation violations do not meet the particularity

2

requirement of the statute. Instead, the district court "must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions." *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015).

Tearney contends that the district court's finding fails to meet the particularity requirement of the statute. The district court's sole statement regarding Tearney's welfare is:

> "The Court also finds that pursuant to K.S.A. 22-3716(c)[9] as it found in the 15 CR 1064 case that the welfare of Miss Tearney is jeopardized by her failure . . . to seek drug treatment and continue to give positive UAs."

The case the district court referred to—15 CR 1064—is Tearney's Kansas Offender Registration Act (KORA) violation case. In that case, Tearney asserted, as she does here, that the district court's finding that probation would not serve her welfare was insufficient to revoke her probation. See *State v. Tearney*, No. 117,022, 2018 WL 2748573 (Kan. App. 2018) (unpublished opinion). There, the same district court had found:

> "'[Tearney] has not been able to successfully complete probation and she jeopardizes the welfare of herself by the continuing drug use and she is not amenable to probation as set forward in the presentence investigation—or excuse me, as set forward in the motion to revoke probation, specifically about the positive UAs and the lack of treatment.'" 2018 WL 2748573, at *4.

Another panel of our court found these reasons particular enough to meet the terms of the statute. As a result, the panel found that the district court did not abuse its discretion in revoking Tearney's probation in her underlying KORA case on welfare grounds. 2018 WL 2748573, at *4.

3

The district court in this case also handled Tearney's probation violations in her KORA case. In ruling on Tearney's remanded probation violation case, the district court relied on the panel's finding in her KORA case. The district court also cited specific facts showing that Tearney either could not or would not comply with the terms of her probation. When Tearney was on probation, she failed to seek drug treatment and continued to give positive UAs evidencing her use of drugs, in violation of the terms of her probation. Although the district court could have been more direct in showing how an intermediate sanction would not serve Tearney's welfare, we find its reasoning sufficient and consistent with the panel's decision in Tearney's KORA violation case. Therefore, the trial court did not abuse its discretion by revoking Tearney's probation in this drug distribution case based on her welfare not being served.

Affirmed.