NOT DESIGNATED FOR PUBLICATION

No. 122,589

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JULIE MARIE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; CAREY L. HIPP, judge. Opinion filed May 7, 2021. Reversed and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Remington S. Dalke*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Julie Jones appeals from the revocation of her probation and the imposition of her underlying prison sentence. Finding that the district court did not enter a sanction for the probation violation or otherwise make sufficient findings authorizing the imposition of the prison sentence without first ordering a sanction, we reverse and remand.

1

On December 5, 2018, while on supervised probation for a prior conviction of possession of methamphetamine, Jones fled from the courthouse. As a result, on December 26, 2018, the State charged Jones with one count of aggravated escape from custody in violation of K.S.A. 2018 Supp. 21-5911(b)(1)(A), a severity level 8 nonperson felony. Jones entered a guilty plea to this charge, and on May 15, 2019, the district court sentenced Jones to 18 months of probation with an underlying 13-month prison term.

On September 25, 2019, Jones' intensive supervision officer (ISO) filed a violation report and an attached affidavit with the district court alleging that Jones violated her probation. The ISO alleged that Jones violated her probation when she admitted verbally and in writing to ingesting methamphetamine, failing to engage in mental health services as directed, failing to report for a drug and alcohol evaluation, and failing to report for a scheduled office visit. The ISO also alleged that Jones had failed to report since July 5, 2019, and she was believed to be evading supervision. The district court issued an arrest warrant based on the alleged probation violations, and Jones was arrested, but was released on bond.

The district court directed Jones to appear for a probation violation hearing. Jones did not appear at the hearing, and she was subsequently arrested on a bench warrant for failure to appear.

On January 15, 2020, the district court held another probation violation hearing for the same alleged violations. The hearing addressed the present case as well as a case from 2017 for which Jones was also serving probation. At the hearing, Jones admitted to the alleged probation violations and waived her right to an evidentiary hearing. The district court then deemed the allegations in the affidavit as true, accurate, and correct, and determined that Jones violated her probation.

The State then asked the court to consider Jones' performance on probation in both of her cases, find that she was not amenable to probation, and revoke her probation. The State explained that this was the third probation violation hearing for Jones' 2017 case. However, this was the first probation violation hearing for her 2018 case. The State first recounted Jones' probation violation history for the 2017 case and explained that she previously served a 3-day quick dip after she failed two outpatient programs, a 60-day sanction after she fled the courthouse, and a 120-day sanction after she admitted to using methamphetamine and failed to report to an office visit. The State then recited the current probation violation allegations and explained that after Jones was arrested on those violations, she bonded out and absconded. After an arrest warrant was issued for Jones, it was discovered that she was involved in a hit and run in another county. The other county eventually arrested Jones, and she was brought back to Rice County.

The State asked the court to revoke probation on the 2017 case because Jones had exhausted the graduated sanctions. On the 2018 case, the State asked the court to revoke probation

> "for the same reason, but also based on the fact that in that case she was presumptive prison when she was sentenced, and she has—even with that threat hanging over her head, knowing that this is a fourth [probation violation], knowing that she's got both of these cases, she continues to fail to report. She continues to abscond. She continues to use methamphetamine. I don't see in her history that she's taken any steps to better herself."

In response, Jones' counsel asked the district court to impose a 120-day sanction in the present case rather than revoke probation.

After hearing the statements from the parties, the district court revoked probation on both cases, reasoning:

3

"My challenge always is that I honestly am more than willing to give somebody a chance at probation especially when we know there's a drug problem is the underlying problem, and I want to see people get treatment, but I will also say I think the only way the treatment is going to work is if somebody's willing to go to treatment and open to it and trying to successfully complete the options for change that have been given to that person. And to be honest with you, what I see is most recently mental health outpatient treatment, unsuccessful, fail to engage; substance abuse treatment at Heartland RADAC, unsuccessful, failed to engage; and Oxford House, unsuccessful, failed to enter in a program. So those are the last three—you know, three things that I'm seeing on the case history report, and, Ms. Jones, that's telling me that you're not ready to make that change. I am going to revoke your probation on both cases. I am going to impose your original sentence on both cases. . . . With respect to the [2017 case], I'm determining that you're not amenable to probation. I think that also carries over to the [2018] case, and even though this is your—technically, your first probation violation on that case, because you were presumptive prison to begin with, obviously, that right there was your chance to make a change on that case by being granted probation, and honestly, it just hasn't worked, and I don't believe you're amenable to probation."

On the journal entry of the probation violation hearing for her 2018 case, the district court specified "Condition Violation" and "Not Amenable to Treatment" as the reasons for the violation hearing. In Section IV, the court checked the box that stated: "Court revoked because of public safety or offender welfare finding. (K.S.A. 22-3716(c)(9))—state reasons in comment box." The district court made no comment in the journal entry as to why that provision applied. The court did not check the box that stated: "Court revoked because defendant absconded or committed new crime. (K.S.A. 22-3716(c)(8))—state reasons in box #3." However, in box number 3, the district court noted: "Defendant admitted to ingesting methamphetamine July 19, 2019. Defendant failed to engage in mental health services as directed. Defendant failed to report for drug and alcohol evaluation on July 29, 2019. Defendant failed to report since July 25, 2019." There are no comments concerning Jones absconding from probation.

4

Jones filed a timely notice of appeal from the revocation of probation and the imposition of the underlying prison sentence in her 2018 case.

ANALYSIS

*The district court abused its discretion when it revoked Jones' Probation.*

Jones argues that the district court abused its discretion in revoking her probation and imposing her underlying sentence. Specifically, Jones contends that the district court revoked her probation because it determined that she was not amenable to probation. She argues that a finding of nonamenability to probation is not a valid statutory basis for revocation under K.S.A. 2018 Supp. 22-3716(c) without first imposing an intermediate sanction. The State responds by arguing that the district court acted within its discretion when it revoked Jones' probation because the statutory exception under K.S.A. 2018 Supp. 22-3716(c)(8)(B) allows a district court to revoke probation if the court finds that the defendant absconded from supervision while on probation.

Jones raised this issue in the district court when her counsel, at the probation revocation hearing, asked the district court to impose a 120-day sanction rather than revoke probation. The court ruled on this issue and revoked Jones' probation.

*Standard of Review*

An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Jones, as the party asserting the

5

district court abused its discretion, bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*Which Version of the Statute Applies?*

The district court must apply the intermediate sanctioning scheme of the probation violation statute that was in effect when the defendant committed the crime. See *Coleman*, 311 Kan. at 337; *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020) (providing that district court must apply intermediate sanctioning scheme in effect when defendant committed crime). Jones committed the crime on December 5, 2018. Because the 2019 amendment did not become effective until July 1, 2019, the 2018 version of K.S.A. 22-3716 applies.

Under K.S.A. 2018 Supp. 22-3716, before a district court can revoke a defendant's probation, intermediate sanctions must be imposed. The first sanction required to be imposed is a two-day or a three-day jail sanction. K.S.A. 2018 Supp. 22-3716(b)(4)(A)-(B), (c)(1)(B). The second sanction required to be imposed is either a 120-day or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). Jones had not served any intermediate sanctions on this case at the time of the probation violation hearing.

K.S.A. 2018 Supp. 22-3716(c)(8)-(9) also sets forth certain circumstances in which a district court may revoke a defendant's probation without first imposing these intermediate sanctions, including: (1) if the defendant commits a new felony or misdemeanor while on probation; (2) if the defendant absconds from supervision while on probation; or (3) if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." Because Jones had not served any intermediate sanctions, the district court had to find that one of these exceptions existed in order to revoke probation.

6

*Nonamenability to Probation*

Jones' primary argument is that the district court abused its discretion when it revoked her probation based on its determination that Jones was not amenable to probation. Jones argues that when the Legislature enacted the new probation violation graduated sanctions scheme, it limited a district court's discretion to revoke probation for only those reasons outlined in the statute. Jones contends that nonamenability to probation was not a basis of revocation under the graduated sanctions scheme. It is Jones' argument that it was a mistake of law for the district court to revoke her probation on the basis of nonamenability to probation.

Historically, the district court had discretion to revoke probation once there was evidence of a violation of the conditions on which probation was granted. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). However, the Legislature altered the district court's discretion to revoke probation with its 2013 amendments to K.S.A. 22-3716. L. 2013, ch.76, § 5. As discussed above, the district court now may revoke probation only once the intermediate sanctions have been imposed or one of the statutory exceptions has been invoked. District courts no longer have discretion to revoke probation due to the defendant's nonamenability to probation on an initial revocation. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015) ("The remarks made by the district court at [the defendant's] revocation simply repeat the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation when exercising their discretion to revoke the privilege of probation. The law has changed."). Here, the district court judge reasoned that nonamenability was a basis for the revocation of probation and imposition of the original sentence, stating: "I am going to impose your original sentence on both cases. . . . With respect to the [2017 case], I'm determining that you're not amenable to probation. I think that also carries over to the [2018] case." The district court was required to enunciate one of the statutory exceptions in order to bypass the imposition of intermediate sanctions. A finding of nonamenability is insufficient.

*Absconds from Supervision Exception*

The State argues that the district court invoked K.S.A. 2018 Supp. 22-3716(c)(8)(B) by finding that Jones absconded from probation, which allowed the district court to revoke Jones' probation without first imposing the intermediate sanctions.

For a district court to invoke the "absconds from supervision" exception, the district court must make the specific finding that the defendant absconded from supervision while on probation. See *Dooley*, 308 Kan. at 654, 658. In *Dooley*, the hearing transcript revealed that the defendant admitted to the State's allegation that he "'[had] failed to report his whereabouts and [had] failed to report to community corrections having apparently absconded,'" but when the district court made the decision to revoke the defendant's probation and impose his underlying sentence, the district court did not mention the defendant's admission to the court that he "'apparently absconded.'" 308 Kan. at 643, 653. In the journal entry that followed, the district court did not check the box next to the phrase "'Court revoked pursuant to K.S.A. 2013 Supp. 22-3716(c)(8)'"—the "absconds from supervision" exception at the time. 308 Kan. at 654.. However, in the section of the journal entry where the district court could describe the violations, the district court included "defendant absconded" at the end of a list that included five admissions of drug use and two failures to report. 308 Kan. at 654. The court explained that it was unable to confirm from the hearing transcript and the journal entry whether the district court invoked the "absconds from supervision" exception and whether it made the finding that the defendant absconded from supervision—the condition precedent required to invoke that exception. As a result, the court reversed and remanded and directed the district court to either impose an intermediate sanction or to make the finding that it was invoking the "absconds from supervision" exception based on a finding, supported by substantial competent evidence, that the defendant absconded from supervision. 308 Kan. at 658.

8

In this case, the allegations of the probation violations stated that the probation officer believed that Jones was "evading supervision." There is no specific allegation that Jones had absconded. Evading supervision could be considered quite differently than absconding. Other than failing to report, there are no other allegations that support an allegation of absconding.

The district court below did not make a specific finding or comment that Jones absconded from supervision, which if it had been made might have satisfied the "absconds from supervision" exception under K.S.A. 2018 Supp. 22-3716(c)(8)(B). In *Dooley*, the court held that the district court did not make the specific finding that the defendant absconded from supervision when the district court (1) did not mention the defendant's admission that he "apparently absconded" when making the decision to revoke probation; and (2) did not check the box on the journal entry indicating that it was revoking under the "absconds from supervision" exception. 308 Kan. at 654. In this case, the district court (1) did not mention the defendant's admissions to failing to report for a scheduled office visit, failing to report to her ISO since July 5, 2019, or to the belief that she was evading supervision when making the decision to revoke probation; and (2) did not check the box on the journal entry indicating that it was revoking because the defendant absconded. Even though Jones admitted to failing to report, and the journal entry listed the failures to report, these facts are insufficient to establish that the district court made the specific finding that Jones absconded from supervision.

The State argues that the failure to check the box on the journal entry indicating that it was revoking because the defendant absconded was a typographical error because when that box is checked, the district court is directed to include reasons in box number 3, which is where the district court stated that the defendant was failing to report. Failing to report and absconding are not necessarily the same thing. The district court failed to make a specific finding that the defendant absconded from supervision.

9

*Public Safety/Offender Welfare Exception*

While the State does not argue that the district court invoked the public safety/offender welfare exception, it will be addressed because in the journal entry, the court checked the box that stated: "Court revoked because of public safety or offender welfare finding. (K.S.A. 22-3716(c)(9))—state reasons in comment box." The public safety/offender welfare exception requires that the court find and *set forth with particularity the reasons* for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served if the court imposes an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(9)(A). Here, the district court did not make this finding at the probation revocation hearing, and it left the corresponding "comment box" blank. The district court did not set forth any reasons for finding that the safety of members of the public would be jeopardized or that the welfare of the offender would not be served by imposing an intermediate sanction. Consequently, the district court did not invoke K.S.A. 2018 Supp. 22-3716(c)(9)(A).

*Dispositional Departure Exception*

Lastly, Jones asserts that the district court erred in revoking her probation when it incorrectly believed that probation in this case was imposed as a result of a dispositional departure. Under K.S.A. 2018 Supp. 22-3716(c)(9)(B), the district court may revoke probation without first imposing the intermediate sanctions if the probation was originally granted as the result of a dispositional departure. Although Jones does not cite to the location in the record where she feels the district court incorrectly believed that probation here was imposed as a result of a dispositional departure, Jones likely is referring to the fact that the district court stated that this was "presumptive prison" during the probation revocation hearing.

10

During the probation revocation hearing, the district court judge stated, "I think that also carries over to the [2018] case, and even though this is your—technically, your first probation violation on that case, because you were *presumptive prison* to begin with, obviously that right there was your chance to make a change on that case by being granted probation." (Emphasis added.) According to the sentencing journal entry, however, the presumption was for probation, not prison.

Because Jones committed the current crime while on supervision for a prior felony, K.S.A. 2018 Supp. 21-6604(f)(1), could have been applied, which provided that the district court may impose prison even if the presumption was nonprison. The crime in this case was presumptive probation, and the probation revocation hearing transcript shows that K.S.A. 2018 Supp. 21-6604(f)(1) was not used to impose prison. Thus, there was not a dispositional departure here, and the district court could not rely on K.S.A. 2018 Supp. 22-3716(c)(9)(B) to bypass the intermediate sanction requirement.

The district court abused its discretion in revoking Jones' probation and imposing the underlying prison sentence. The decision of the district court is reversed, and the case remanded to the district court with directions to either impose an intermediate sanction or to make a satisfactory determination that statutory grounds exist that would permit the bypass of the imposition of an intermediate sanction.

Reversed and remanded with directions.

11