NOT DESIGNATED FOR PUBLICATION

No. 122,579

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMIAH JOHN CASEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; TERRI L. JOHNSON, judge. Opinion filed May 7, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Jeremiah John Casey appeals the Bourbon County District Court's decision to revoke his probation and impose his underlying sentence of 30 months' incarceration. We granted Casey's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041(A) (2020 Kan. S. Ct. R. 47). Finding no error, we affirm.

1

On January 19, 2018, Casey pleaded guilty to one count of felony unlawful possession of a methamphetamine stemming from a traffic stop and arrest in September 2016.

Based on Casey's criminal history, his sentence fell in a border box under the revised Kansas Sentencing Guidelines Act. On April 23, 2018, the district court sentenced Casey to a controlling term of 30 months' imprisonment but released him to serve 18 months of probation with mandatory drug treatment. In deciding to impose a nonprison remedy, the district court found that an existing treatment program would be more effective than prison in reducing recidivism and would better serve community safety interests by promoting reformation. Among the terms of his probation, the district court ordered Casey to report to the probation officer as required, to obtain permission from the probation officer before changing his address, and to enter into drug treatment or education as directed by his probation officer.

Less than one month later, the State moved to revoke Casey's probation for failing to report for probation. The district court issued a bench warrant for Casey after he failed to appear at the hearing on the motion to revoke his probation. At the eventual revocation hearing several months later, Casey stipulated to violating his probation by failing to report and absconding. The district court imposed a 38-day jail sanction, which was the amount of jail time Casey had served while awaiting the revocation hearing. His probation remained in place for the original 18 months, with no extensions noted.

Roughly four months later, the State again moved to revoke Casey's probation for failure to report and failure to comply with his treatment program. Casey again stipulated to the violations. The prosecutor recommended a 60-day jail sanction. The district court

revoked Casey's probation, ordered him to serve a 60-day jail sanction, and then reinstated and extended his probation for 18 months beginning July 3, 2019.

Three months later, the State moved for a third time to revoke Casey's probation on grounds that he failed to report to his probation officer, obtain permission before changing his address, and enter a drug treatment program as directed. At his revocation hearing, Casey testified that he failed to report to inpatient drug treatment due to a staph infection in his hand but provided no corroborating evidence. He also testified that he failed to contact his probation officer and moved to a relative's house in Missouri without permission because he feared a warrant was out for his arrest.

The district court found that Casey violated multiple conditions of his probation by failing to report to the probation officer, failing to report to drug treatment, moving without permission, and moving out-of-state without permission. Having concluded Casey had absconded from supervision and was not amenable to probation, the district court revoked Casey's probation and imposed the 30-month underlying sentence. He was given credit for a total of 248 days served.

ANALYSIS

On appeal, Casey argues that the district court abused its discretion by revoking his probation and imposing the underlying sentence.

The law on probation revocation is well settled. Once there is evidence of a violation, or where the probationer stipulates to a violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931

(2018). Casey bears the burden of showing an abuse of discretion. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Whether a district court properly imposed a sentence after revocation of probation is a question of law over which an appellate court exercises unlimited review. *McFeeters*, 52 Kan. App. 2d at 47. Similarly, when our decision requires statutory interpretation, review is unlimited. *State v. Clapp*, 308 Kan. 976, 980, 425 P.3d 605 (2018).

Because Casey's felony offense occurred in September 2016, we look to the law that was in effect governing revocation of probation at that time. See *State v. Dominguez*, 58 Kan. App. 2d 630, Syl. ¶ 3, 473 P.3d 932 (2020) (stating 2019 amendment to K.S.A. 22-3716's intermediate sanctioning scheme does not apply retroactively to probation violators whose crimes were committed before the effective date of the amendment).

Under the statute that applies to Casey's case, for a first time violation of probation, the district court was required to impose an "intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsections (b)(4)(A) and (b)(4)(B) shall not exceed 18 total days during the term of supervision." K.S.A. 2016 Supp. 22-3716(c)(1)(B). But the district court was also allowed to bypass these statutory sanctions if Casey was found to have absconded from supervision. If the court found Casey absconded, it could continue his probation, revoke his probation and remand him to prison to serve the balance of his sentence, or impose a sanction of 120 or 180 days. K.S.A. 2016 Supp. 22-3716(c)(8)(B). Although Casey stipulated that he had absconded, the district court, based on the agreement of the parties, imposed a 38-day jail sanction which was equivalent to the amount of time Casey had spent in custody immediately prior to the revocation. Casey did not appeal this ruling.

The second time he was found to have violated his probation, before revoking his probation the district court was required to impose an intermediate sanction of 120 days in prison, which could be reduced to 60 days by the Secretary of Corrections, unless the violation fell under an available exception. K.S.A. 2016 Supp. 22-3716(c)(1)(C). Instead the district court assessed a 60-day jail sanction with credit for time served at the State and Casey's request. The court was led to believe this was appropriate by the State, which informed the court that the mandatory intermediate sanctions no longer applied. Neither the State nor Casey appealed that decision.

For his third revocation hearing, it was alleged that Casey had not reported to his probation officer since his release from jail after his second revocation hearing. Several attempts to locate him were made to no avail. He had, in fact, moved out of state and failed to notify anyone because he knew there was a warrant for his arrest. The State argued that Casey was an absconder. See *State v. Dooley*, 308 Kan. 641, 657, 423 P.3d 469 (2018) (defining absconder as one who seeks to "'evade the legal process of a court by hiding within or secretly leaving the jurisdiction'"). In revoking Casey's probation the district court based its decision on two things, amenability to probation and absconding. One is the basis upon which to bypass intermediate graduated sanctions and the other is not.

First, the district court found that Casey was "not amenable to probation." This is not a statutory basis to bypass intermediate sanctions. Although, under a similar concept, the court may bypass intermediate sanctions if it makes specific findings that the welfare of the offender will not be served by such sanction, the court did not make those specific findings here. See K.S.A. 2016 Supp. 22-3716(c)(9) (sanctions maybe be bypassed "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction"); *Clapp*, 308 Kan. 976, Syl. ¶ 4 ("The district court's reasons must be distinct rather than general, with exactitude of detail."). The district court did

outline the number of times Casey had failed on probation as well as his complete failure to get into treatment, although he had promised to do so at each probation revocation proceeding if just given the chance. However, it did not specifically make a finding that Casey's welfare would not be served by probation.

Second, the district court found that Casey had absconded from supervision by failing to report and moving out of state without telling anyone. To invoke the absconder bypass provision of K.S.A. 2016 Supp. 22-3716(c)(8)(B), the State has the burden to prove by a preponderance of the evidence that a probationer absconded. *Dooley*, 308 Kan. at 655; *State v. Huckey*, 51 Kan. App. 2d 451, 457, 348 P.3d 997 (2015). The district court must base its finding that a probation violator absconded on substantial competent evidence. Substantial evidence means legal and relevant evidence that a reasonable person would find adequate to support a conclusion. *State v. Gray*, 270 Kan. 793, 796, 18 P.3d 962 (2001). We generally give great deference to the factual findings of the district court, and we do not reweigh evidence, assess the credibility of witnesses, or resolve conflicts in the evidence. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

There was substantial competent evidence to support the court's finding that Casey absconded. His probation officer testified about the lengths he and other officers went in an attempt to locate Casey. Casey admitted that he knew he had violated his probation and he was in trouble for it so he moved to his aunt's house in Missouri. He testified that he left the state of Kansas to evade legal process and did not tell anyone. See *Dooley*, 308 Kan. at 657. Although he tried to justify his actions, the district court clearly did not find him credible.

Therefore, even if we assume the district court would have been required to impose a 120- or 180- day sanction based on its failure to do so before, we find the district court was allowed to bypass an intermediate sanction under K.S.A. 2016 Supp.

6

22-3716(c)(8)(B) (bypass for absconding). Accordingly, the district court acted within its discretion when revoking Casey's probation and imposing the underlying sentence.

Affirmed.