NOT DESIGNATED FOR PUBLICATION

No. 121,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

DALLAS COLT COMBS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 29, 2021. Sentence vacated and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Dallas Colt Combs appeals the district court's revocation of his probation and imposition of a modified sentence. Combs argues that the district court erred in revoking his probation because it impermissibly applied the 2019 amendment to the probation revocation statute—which removed the 120- or 180-day intermediate sanction—and it cited no statutory exception to bypass imposing intermediate sanctions. Combs also argues that the journal entry impermissibly imposed a period of postrelease supervision that the district court did not pronounce from the bench when it modified his sentence. For the reasons stated in this opinion, we agree that the district court erred in revoking Combs' probation and remand for a new dispositional hearing.

1

FACTS AND PROCEDURAL HISTORY

On August 21, 2018, Combs committed acts charged as possession with intent to distribute marijuana within 1,000 feet of a school, distribution of hydrocodone within 1,000 feet of a school, possession of drug paraphernalia, two counts of criminal possession of a firearm, and two counts of theft of property. On February 13, 2019, Combs pleaded guilty to all counts in exchange for the State's agreement to not oppose Combs' request for a dispositional departure. On March 22, 2019, the district court imposed a controlling sentence of 232 months' imprisonment with 36 months' postrelease supervision, but the court granted a dispositional departure to probation for 36 months.

On July 9, 2019, Combs waived his right to a hearing and accepted a three-day jail sanction for various probation violations. On July 30, 2019, Combs again waived his right to a hearing and accepted a three-day jail sanction for various probation violations.

On August 12, 2019, the State moved to revoke Combs' probation, alleging that he failed to show up for a scheduled meeting with his intensive supervision officer (ISO), failed to maintain employment, was kicked out of the Promise House, failed to reside at his reported place of residence with individuals approved by his ISO, failed to report to parole, and tested positive for drugs and alcohol. On August 28, 2019, Combs stipulated to the violations alleged in the motion to revoke. The district court granted Combs' request to continue the disposition hearing.

At the disposition hearing on September 13, 2019, Combs asked the district court to impose a 120- or 180-day intermediate sanction. The district court asked the State whether the 120- and 180-day sanctions still existed under the law, to which the State responded they were no longer an option. The district judge then stated that based on Combs' criminal history and the probation violations, he did not think "that we can actually make it work for [Combs] on Community Corrections." The district court

revoked Combs' probation and ordered him to serve a modified sentence of 116 months' imprisonment by running the sentences for the counts concurrent instead of consecutive. The district court did not order a term of postrelease supervision from the bench, but the journal entry included a postrelease term of 36 months. Combs timely appealed.

ANALYSIS

On appeal, Combs argues that the district court erred in applying the 2019 amendments to the intermediate sanctioning scheme and did not invoke a valid statutory bypass of the intermediate sanctions before revoking his probation and ordering him to serve a modified sentence. Alternatively, Combs argues that the district court did not order a postrelease term from the bench as part of its sentence modification, so this court must vacate the postrelease term indicated in the journal entry revoking his probation.

The probation revocation statute, K.S.A. 2019 Supp. 22-3716, generally requires the district court to impose various intermediate sanctions before revoking a defendant's probation. But the number and type of intermediate sanctions the district court must impose before revocation has recently changed. Before July 1, 2019, the district court had to impose either a 2- or 3-day jail sanction and then a 120- or a 180-day prison sanction before revoking a defendant's probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(B)-(D). But effective July 1, 2019, the Legislature removed the 120- and 180-day prison sanction from the intermediate sanctioning scheme. See K.S.A. 2019 Supp. 22-3716(c)(1).

Combs argues the district court erred in revoking his probation because it impermissibly applied the 2019 version of the intermediate sanctioning scheme and it did not otherwise invoke a statutory exception for bypassing the imposition of intermediate sanctions. Combs argues that he preserved this issue by asking the district court to impose a 120- or 180-day sanction. Although Combs asked for a 120- or 180-day sanction he did not argue that the 2019 amendment did not apply. In any event, we can

3

address this issue because as Combs correctly asserts, which version of the law applies involves a question of law arising on proved or admitted facts and it is determinative of the case. See *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019).

This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party asserting the district court abused its discretion bears the burden of proving it. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Combs first argues that the district court erred in revoking his probation because it impermissibly applied the 2019 amendment to his case. Combs argues that the district court should have applied the intermediate sanctioning scheme in effect on August 21, 2018, the date he committed the offenses. Thus, Combs argues that the district court should have applied the 2018 version of the intermediate sanctioning scheme and imposed either a 120- or 180-day prison sanction rather than revoke his probation.

Combs filed a Supreme Court Rule 6.09 (2020 Kan. S. Ct. R. 39) letter of additional authority citing *State v. Dominguez*, 58 Kan. App. 2d. 630, 473 P.3d 932 (2020), as supporting his argument that the district court erred in applying the 2019 amendment. In *Dominguez*, the probationer argued that the district court erred in revoking her probation because it relied on the 2019 amendment instead of the law in effect when she committed her crimes. This court agreed with Dominguez and held that the 2019 amendment could not be applied retroactively to a probationer whose crimes of conviction occurred before the 2019 amendment became effective. 58 Kan. App. 2d. 637. In so holding, this court applied the Kansas Supreme Court's reasoning in *Coleman* that the 2017 amendment to K.S.A. 22-3716 creating the dispositional departure exception to

intermediate sanctions applies only to crimes committed on or after July 1, 2017, the effective date of the amendment. See *Coleman*, 311 Kan. at 337.

Because Combs committed his crimes in August 2018, the 2019 amendment to the intermediate sanctioning scheme cannot be applied to his case. In fact, the State concedes that the 2019 amendments do not apply to Combs' case. Thus, Combs correctly asserts that K.S.A. 2018 Supp. 22-3716 governs his revocation. Under K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D), the district court must impose either a 120-day or a 180-day sanction before revoking a defendant's probation. The district court did not do so here.

But there are exceptions that allow the district court to revoke a defendant's probation without imposing intermediate sanctions including when the court finds that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. K.S.A. 2018 Supp. 22-3716(c)(9)(A). The State argues that the district court invoked this exception here because "[i]t was clear from the statements of the [district] court that the judge was concerned for the safety of the public, and made a specific finding that the defendant would not be served by imposing sanctions because there was no way to make community corrections work for [Combs]." Combs counters that the district did not invoke the public safety/offender welfare exception because the district court did not cite the exception and it did not make particular findings to apply the exception to Combs' case.

Combs correctly asserts that the district court did not invoke the public safety exception. At the hearing, the district court pointed out that both Combs' current crimes and his criminal history contained convictions for possession of a firearm. The district judge stated that he was not surprised that Combs' used drugs since he is an addict. But the district court did not cite the public safety/offender welfare exception or make any explicit findings about how the safety of the public would be jeopardized or how Combs' welfare would not be served if he remained on probation. A district court's findings are

5

not sufficiently particular to invoke the public safety/offender welfare exception if the appellate court must infer the reasons to support the exception. *State v. Duran*, 56 Kan. App. 2d 1268, 1275, 445 P.3d 761 (2019), *rev. denied* 312 Kan. __ (August 31, 2020).

Likewise, it appears that the district court *could have* relied on the dispositional departure exception to revoke Combs' probation without imposing another intermediate sanction. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). The dispositional departure exception applies to Combs' case because his crimes were committed on or after July 1, 2017. See *Coleman*, 311 Kan. at 337. But under the statute, the district court *may* revoke the defendant's probation by relying on this exception. Here, the district court did not invoke this statutory ground when it revoked Combs' probation and ordered him to serve a modified sentence, so we cannot rely on this exception to uphold the district court's order. See *Duran*, 56 Kan. App. 2d at 1277.

In sum, because Combs committed his crimes in August 2018, the district court erred by revoking his probation without considering a 120- or 180-day intermediate sanction in K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). Combs argues that we should remand his case with directions for the district court to reinstate his probation after he serves an appropriate intermediate sanction. We disagree that this is the proper remedy. Instead, we vacate the district court's order revoking Combs' probation and imposing the modified sentence and remand for a new dispositional hearing at which the district court must either impose a 120- or 180-day sanction or find a valid statutory ground to circumvent it. See *Duran*, 56 Kan. App. 2d at 1277; *Dominguez*, 473 P.3d at 937. Because we vacate the order imposing the modified sentence, we need not address Combs' challenge to the modified sentence and the postrelease supervision term.

Sentence vacated and case remanded with directions.