NOT DESIGNATED FOR PUBLICATION

No. 123,156

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT ALLEN KILLMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed May 28, 2021. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., MALONE and GARDNER, JJ.

POWELL, J.: Scott Allen Killman appeals the district court's revocation of his probation and imposition of his underlying sentence. We granted Killman's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In its response, the State agrees with summary disposition but asks that we affirm the district court. However, because Killman did not receive all the intermediate sanctions he was entitled to before having his probation revoked, we must reverse and remand.

On February 26, 2018, Killman pled guilty to one count of felony possession of methamphetamine, one count of misdemeanor theft, and one count of misdemeanor

1

possession of paraphernalia. The district court sentenced Killman to 30 months in prison but, pursuant to Senate Bill 123, granted him probation from that sentence for 18 months.

On May 17, 2019, Killman violated his probation. The district court ordered him to serve a 2-day intermediate jail sanction while extending his probation 12 months.

On December 16, 2019, the State sought to revoke Killman's probation on the grounds he had failed to report and had not completed drug treatment. At the probation violation hearing held on June 19, 2020, Killman stipulated to violating his probation. The district court revoked Killman's probation and ordered him to serve a modified lesser sentence of 24 months in prison.

Killman now appeals the revocation of his probation, arguing the district court abused its discretion by doing so. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008); see also *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020) (propriety of sanction reviewed for abuse of discretion). Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). Killman bears the burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A district court's discretion to revoke a defendant's probation is limited by the intermediate sanctions requirement contained in K.S.A. 2018 Supp. 22-3716. A district court must first exhaust the statutorily prescribed intermediate sanctions unless circumstances exist to support one of the enumerated exceptions contained in K.S.A. 2018 Supp. 22-3716(c)(8) to bypass the intermediate sanctions. See *State v. Dooley*, 308 Kan. 641, 648-49, 423 P.3d 469 (2018).

It is undisputed that at Killman's first probation violation hearing, the district court imposed a two-day intermediate jail sanction. However, at Killman's second hearing, instead of imposing a second intermediate sanction, the district court revoked Killman's probation and imposed a lesser sentence.

In *Coleman*, 311 Kan. at 337, our Supreme Court held the 2017 amendment—creating an exception to graduated sanctions when probation was originally granted as the result of a dispositional departure—could not be applied retroactively to offenders whose crimes of conviction occurred before July 1, 2017, the amendment's effective date. Shortly after, another panel of our court—following *Coleman*'s reasoning—held the 2019 amendment removing the 120- and 180-day sanctions also did not apply retroactively because the text of the statute did not show the Legislature intended for the 2019 amendment to apply retroactively. Thus, the 2019 amendment does not apply to an offender whose crime of conviction was committed before the amendment's July 1, 2019 effective date. *State v. Dominguez*, 58 Kan. App. 2d 630, 636-37, 473 P.3d 932 (2020).

Killman's crime of conviction occurred on January 14, 2018, before the 2019 amendment removing the 120- and 180-day intermediate prison sanction requirements from the graduated sanctioning scheme took effect. Compare K.S.A. 2019 Supp. 22-3716(c) and K.S.A. 2018 Supp. 22-3716(c). Accordingly, given that Killman's crimes of conviction occurred in January 2018, unless an exception was applicable, Killman had the right to a second intermediate sanction of either 120 or 180 days in prison before his probation could be revoked. See K.S.A. 2017 Supp. 22-3716(c)(1)(C)-(D); *Dominquez*, 58 Kan. App. 2d at 637.

The district court started on the correct path by imposing a two-day jail sanction for Killman's first probation violation but left the marked trail at Killman's second probation violation hearing by revoking Killman's probation instead of imposing a second intermediate sanction. Neither party has argued, nor did the district court find, an

applicable statutory exception. Thus, the district court lacked the legal authority to revoke Killman's probation and abused its discretion by doing so.

The district court's revocation of Killman's probation is reversed, the modified lesser sentence is vacated, and the case is remanded for the district court to impose the appropriate intermediate sanction unless the district court relies on a valid statutory ground to bypass intermediate sanctions.

Reversed and remanded with directions.