NOT DESIGNATED FOR PUBLICATION

No. 123,256

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL E. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed June 18, 2021. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: Michael E. Williams appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Williams' motion for summary disposition in lieu of briefing under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Based on our review of the record, we find the district court abused its discretion because it based its decision to revoke Williams' probation on an error of law. We, therefore, reverse and remand with instructions to impose an intermediate sanction, unless the court finds other valid statutory grounds to bypass intermediate sanctions.

1

In January 2019, Williams pled guilty to one count of aggravated battery, based on an incident that occurred on July 1, 2017. The district court sentenced Williams to 24 months of probation, with an underlying 13-month prison sentence.

In March 2019, Williams served a two-day jail sanction, imposed by his supervising officer, for violating the conditions of his probation. A few months later, he violated his probation again and, as a result, he served a court-imposed, three-day jail sanction in December 2019.

In April 2020, Williams violated his probation three times by failing to contact his supervising officer, as required. On August 7, 2020, the court revoked Williams' probation under K.S.A. 2020 Supp. 22-3716(c)(1)(C), after finding Williams was "not entitled to intermediate sanctions" and he was "not amenable to probation." Williams timely appealed.

This court reviews a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Unless the district court based its decision on a factual or legal error, this court may find an abuse of discretion only if no reasonable person would agree with the district court's decision. *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

Williams does not challenge the district court's finding that he violated his probation. Instead, he argues that revoking his probation and imposing his underlying prison sentence was an abuse of discretion. We agree, but on different grounds than argued by Williams.

We find the district court based its decision to revoke Williams' probation on an error of law because it did not apply the correct intermediate sanctioning scheme. Under the applicable probation revocation statute, K.S.A. 2017 Supp. 22-3716, a district court

2

must first exhaust the required intermediate sanctions before revoking a defendant's probation, unless it finds that a statutory exception applies, allowing it to bypass the intermediate sanctions. See K.S.A. 2017 Supp. 22-3716(c)(1), (c)(8), and (c)(9). The following intermediate sanctions were required before the district court could revoke Williams' probation: (1) either the district court, Williams' court services officer, or Williams' community corrections officer had to impose a two-day or a three-day jail sanction; and then (2) the district court had to impose either a 120-day or a 180-day prison sanction. See K.S.A. 2017 Supp. 22-3716(b)(4)(A)-(B) and (c)(1)(B)-(E).

The Legislature amended the probation revocation statute in 2019 and removed the 120-day and 180-day prison sanctions, allowing a district court to revoke a defendant's probation after imposition of at least one two- or three-day jail sanction. See L. 2019, ch. 59, § 10; K.S.A. 2020 Supp. 22-3716(c). But this amendment does not apply to Williams because he committed his crime of conviction in 2017—before the amendment's effective date. See *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020) ("[T]he 2019 amendment to the intermediate sanctioning scheme at K.S.A. 22-3716 does not apply retroactively to probation violators whose crimes were committed before the effective date of the amendment.").

Here, the district court appears to have erroneously relied on the current version of K.S.A. 22-3716(c)(1)(C) to revoke Williams' probation. That version would have allowed the district court to revoke his probation after imposition of a two- or three-day jail sanction, and here, Williams had served both a two-day and a three-day jail sanction. See K.S.A. 2020 Supp. 22-3716(c)(1)(C). But as discussed above, in this case, the district court had to impose either a 120-day or a 180-day prison sanction before revoking Williams' probation, unless it found that a statutory exception applied. The district court revoked Williams' probation without imposing a 120-day or a 180-day prison sanction. The district court also did not rely on any of the exceptions to the intermediate sanctions requirement when revoking his probation. Thus, the district court based its decision to

3

revoke Williams' probation on a legal error, which constitutes an abuse of discretion under our standard of review. We, therefore, remand to the district court with instructions to impose an appropriate intermediate sanction, unless the district court finds other valid statutory grounds to bypass the intermediate sanctions.

Reversed and remanded with directions.