NOT DESIGNATED FOR PUBLICATION

Nos. 123,281
123,282

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH GRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Kenneth Gray appeals the Harvey County District Court's decision to revoke his probation in two cases. We consolidated his cases on appeal and granted Gray's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). On appeal, Gray argues the district court abused its discretion when it revoked his probation. The State did not respond. Finding no error by the district court, we affirm.

Gray was charged in three separate cases for offenses committed in 2018. Gray entered into an agreement with the State to dispose of the three cases and agreed to enter

1

guilty pleas to two counts of possession with the intent to distribute methamphetamine, a severity level 3 drug felony under K.S.A. 2018 Supp. 21-5705(a)(1). In exchange, the State agreed to dismiss the remaining charges, including all of those in the third criminal case against him. On August 2, 2018, Gray entered no-contest pleas to two counts of possession with the intent to distribute. Before sentencing, Gray filed a motion for a dispositional departure to probation.

The district court sentenced Gray on October 1, 2018. Based on his criminal history score of C, the district court imposed a presumptive prison sentence of 68 months for each conviction and ordered the sentences to be served consecutively. The district court granted Gray's motion for dispositional departure and placed him on probation for 36 months.

On December 10, 2018, the State moved to revoke the probation based on Gray's positive drug tests. On February 27, 2019, Gray waived an evidentiary hearing on the alleged violation and did not contest the allegations that he provided positive drug tests on five separate dates. After finding probation violations, the district court imposed a 60-day jail sanction on Gray and extended his probation by 36 months. In September 2019, Gray admitted he again violated probation and agreed to a two-day jail sanction without a district court hearing.

On November 12, 2019, the district court held a second probation violation hearing. The State alleged Gray tested positive for alcohol in September 2019 and for methamphetamine in October 2019. The State also alleged Gray failed to adhere to his curfew and was arrested for possession of marijuana, drug paraphernalia, and criminal possession of a weapon. Gray did not contest the allegations, and so the district court found he violated the terms of probation, ordered a 60-day sanction, and again extended his probation by 36 months. Gray was allowed to serve the 60-day sanction by participating in an inpatient drug treatment program once a bed was available.

2

The district court held the third and final violation hearing on August 4, 2020. Gray did not contest the allegations that he tested positive for alcohol, methamphetamine, and marijuana on May 14, and that he was arrested on June 6, 2020. After finding Gray violated the terms of his probation and that he had already done so on multiple occasions with corresponding sanctions, the district court revoked his probation and imposed the original sentences but ordered they be served concurrently. The district court's resolution conformed to the joint recommendation of the State and Gray on the disposition of his stipulation to the violations. During the hearing, Gray personally hedged on the recommendation and suggested he would welcome another chance on probation. In the district court's journal entry of judgment, the court cited to Gray's use of illegal drugs and alcohol as the reason it revoked Gray's probation.

Gray appeals. He argues the district court's decision to impose his modified underlying sentences rather than allowing him to continue on probation after serving a sanction was unreasonable. We review this issue for an abuse of judicial discretion. See *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). A district court abuses its discretion when the decision is unreasonable or is based on either a misunderstanding of the governing of law or an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Gray has the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under K.S.A. 2018 Supp. 22-3716(c), the district court must follow a graduated sanction scheme in punishing a defendant's probation violations. See generally *State v. Dominguez*, 58 Kan. App. 2d 630, 634, 473 P.3d 932 (2020) (new intermediate sanction scheme does not apply retroactively). The district court typically would have to impose either a 2-day or 3-day jail sanction and then a 120-day or a 180-day prison sanction before revoking a defendant's probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(D). Here, an exception applied that allowed the district court to revoke Gray's probation

3

without first imposing an intermediate sanction. Because the district court granted Gray's motion for dispositional departure to probation, the district court had discretion to revoke his probation and impose his original sentence. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). Gray admitted to the State's allegations that he used drugs while on probation, and, consequently, the district correctly court found he violated his probation. The district court was not required to then impose an intermediate sanction before revoking his probation.

In short, the district court had the authority to order Gray to serve his underlying sentences, and Gray has failed to meet his burden to show the decision was unreasonable. Throughout Gray's probation term he has failed to abstain from using alcohol and drugs. The district court's decision to revoke Gray's probation and to order him to serve his modified underlying sentence was reasonable based on the circumstances and facts in this case and entailed no mistake of law or error of fact.

In addition, the district court adhered to a joint recommendation the State and Gray presented during the hearing for disposition of the probation violation. We, therefore, doubt Gray can now dispute or challenge that otherwise legally proper resolution consistent with the doctrine of judicial estoppel. Judicial estoppel "precludes a party from taking one position in a case to induce the court to act in a certain way and then taking a contrary or conflicting position in a related proceeding involving the same opposing parties" and, thus, prevents a party from prevailing in one phase of a case based on a particular position and later arguing a different position in a later phase of the case. *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, Syl. ¶ 3, 261 P.3d 943 (2011).

Affirmed.