NOT DESIGNATED FOR PUBLICATION

No. 123,894

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANELL M. HAMMARLUND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed December 10, 2021.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  Janell M. Hammarlund appeals the district court's revocation of her
probation, claiming the district court abused its discretion.

We granted Hammarlund's unopposed motion for summary disposition pursuant to
Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record on
appeal and finding no error, we affirm the district court's decision.

1

In October 2017, Hammarlund was convicted of aggravated burglary of a dwelling, a severity level 4 person felony. See K.S.A 2016 Supp. 21-5807(b)(1), (c)(2)(A). Hammarlund sought a dispositional departure at her sentencing, which the district court granted. The district court placed Hammarlund on probation for 36 months and ordered an underlying prison sentence of 52 months in prison along with 36 months of postrelease supervision.

Between October 2019 and August 2020, Hammarlund violated her probation five times and received two-day county jail sanctions each time. In May 2020, she agreed to extend her probation until January 2022 to allow her time to successfully graduate the drug court program.

In November 2020, the State moved for drug court sanctions and to review or revoke Hammarlund's probation after Hammarlund's probation officer alleged she had violated the law by driving with expired tags, contacting people she was prohibited from contacting, and failing several drug tests. Hammarlund stipulated to the violations and was sanctioned with 120 days in prison.

In April 2021, the State moved to revoke Hammarlund's probation, after her probation officer alleged Hammarlund had lied to her about whether she had submitted to required drug testing, had tested positive for methamphetamine, and had submitted other suspicious urine samples. Hammarlund again stipulated to the violations. She urged the court to impose a 180-day prison sanction instead of revoking her probation.

The district court found that all available resources to assist Hammarlund had been exhausted, and she had shown she was not amenable to drug treatment or probation. The

district court revoked Hammarlund's probation and ordered her to serve the rest of her underlying prison sentence.

ANALYSIS

Hammarlund now argues the district court abused its discretion by revoking her probation and imposing her underlying sentence. Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the district court; (2) stems from an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) stems from an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

A district court's discretion in revoking probation is limited by statute. Because Hammarlund committed her underlying offense in April 2017, the district court had to follow the procedure provided by K.S.A. 2016 Supp. 22-3716. *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020); *State v. Dominguez*, 58 Kan. App. 2d 630, 634, 473 P.3d 932 (2020). Under this statute, a district court must impose graduated sanctions before it can revoke an offender's probation. Here, the district court had to impose either a 2- or 3-day jail sanction and then a 120- or a 180-day prison sanction before it could revoke Hammarlund's probation. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D).

The district court followed the procedures outlined in K.S.A. 2016 Supp. 22-3716. Before revoking Hammarlund's probation, the district court imposed several intermediate sanctions. Hammarlund stipulated to violating the terms of her probation, and the district court had the legal authority to revoke her probation for those violations. And since a reasonable person could have taken the view adopted by the court—that Hammarlund

was not amenable to probation or drug treatment—the district court did not abuse its discretion in revoking Hammarlund's probation.

As a result, we affirm the district court's revocation of Hammarlund's probation.

Affirmed.