NOT DESIGNATED FOR PUBLICATION

No. 123,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREA MARIE DOMINGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed March 4, 2022. Reversed in part and dismissed in part.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Andrea Marie Dominguez appeals the district court's extension of her probation by 24 months and its imposition of a 120-day prison sanction. Underlying these appeals is a prior appeal in which Dominguez appealed the district court's decision revoking her probation—and a panel of this court reversed the district court's decision and remanded the case for a new dispositional hearing. However, by the time that hearing occurred, Dominguez had already served the remainder of her underlying prison term. Despite this fact, the district court proceeded to extend her probation and ordered her to

serve a 120-day prison sanction. Because probation cannot be imposed after the full sentence of confinement has been served, this court reverses the district court's decision to extend Dominguez' probation. Upon this finding, Dominguez' claim regarding the imposition of the 120-day sanction is moot and does not fall under any exception to the mootness doctrine. Thus, this court dismisses that claim.

FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2017, the State charged Dominguez with two counts of trafficking in contraband in a correctional institution and one count of criminal possession of a weapon by a convicted felon. A month later, Dominguez pled guilty to the criminal possession of a weapon charge and one count of trafficking contraband in a correctional facility. For these convictions, the district court sentenced her to 24 months' probation, with an underlying prison term of 24 months.

Several months later, on October 31, 2017, the district court issued a warrant alleging that Dominguez had violated the terms of her probation by leaving substance abuse treatment after eight days and failing to inform her intensive supervision officer of her new address. Dominguez admitted the violations and the district court ordered her to serve a three-day jail sanction. Less than a year later, on September 24, 2018, the court issued another warrant alleging that Dominguez had again violated her probation. At the dispositional hearing held on July 10, 2019, Dominguez admitted to all six of the alleged violations, and the State argued for the court to impose her underlying sentence. The district court believed Dominguez had already "gone through the intermediate sanction track," based on her prior three-day quick dip sanction. The district court revoked Dominguez' probation and ordered her to serve her entire underlying sentence.

Dominguez appealed the district court's decision, arguing it had erred in failing to impose either a 120-day or 180-day intermediate prison sanction before it revoked her

probation. A panel of this court agreed with Dominguez—finding the district court erred by failing to follow the controlling, statutorily mandated intermediate sanctioning scheme before imposing her original sentence—and then reversed and remanded for a new dispositional hearing. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). The court's mandate issued on October 6, 2020.

During the hearing on remand on April 19, 2021, the State urged the district court to impose either a 120- or 180-day prison sanction—while Dominguez' counsel stated that Dominguez was close to having served her sentence and requested a modification so that "this case be closed out." Dominguez addressed the court personally and stated that she had completed her sentence and had been released on parole for the past year without committing any new offenses. The record shows that Dominguez had in fact completed the underlying imprisonment portion of her sentence—she was released by the Kansas Department of Corrections and placed on postrelease supervision on April 17, 2020— nearly a year to the day before the hearing on remand. Despite this, the district court ordered another 120-day prison sanction and decided to extend Dominguez' probation by 24 additional months. About 3 months after the court ordered the 120-day sanction, a nunc pro tunc order was filed awarding Dominguez 535 days of jail credit on this case.

Dominguez appeals.

DISCUSSION

On appeal, Dominguez presents two interrelated arguments: (1) The district court erred in imposing the 120-day sanction on remand because she had already completed the entire prison portion of her sentence; and (2) the court further erred by extending her probation by 24 months for the same reason. For its part, the State contends that Dominguez' claim regarding her 120-day sanction is moot, but it concedes that the

3

district court erred by extending her probation and requests this court to reverse that portion of the district court's ruling.

This court will address Dominguez' second argument first—whether the district court erred by extending her probation after she served her entire prison sentence—because the resolution of this issue is dispositive of her argument regarding the 120-day sanction order. Whether a district court may impose a term of probation on a defendant who has already served their sentence is a question of law over which this court has unlimited review. *State v. Kinder*, 307 Kan. 237, 240, 408 P.3d 114 (2018).

As an initial matter, the State acknowledges that Dominguez had already served her entire prison sentence in this case before April 19, 2021, when the district court extended her probation by 24 months. Moreover, the State readily recognizes that a defendant may not be sentenced to probation in a case after completing the accompanying sentence of confinement. See *Kinder*, 307 Kan. at 243 ("[B]ecause [the defendant's] sentence of confinement already has been served, there can be no sentence to be suspended. And if there is no sentence, it obviously cannot be exchanged for probation."). Accordingly, the State joins Dominguez' request that this court reverse the district court's order extending her probation by 24 months.

In *Kinder*, our Kansas Supreme Court was faced with a similar circumstance. The defendant was sentenced to probation but had already accumulated jail credit in excess of his underlying prison sentence. The court concluded that because K.S.A. 2016 Supp. 21-6603(g) defines probation as "'a procedure under which a defendant, convicted of a crime, *is released by the court after imposition of sentence, without imprisonment*,'" probation cannot be imposed after a defendant's sentence of confinement has been completed. 307 Kan. at 241-42. The only practical difference between this case and *Kinder* is that the defendant in *Kinder* accumulated jail credit in excess of his sentence prior to sentencing, whereas Dominguez completed her sentence after the district court

4

erroneously revoked her probation, but before completion of her appeal to correct the error. This distinction is immaterial—in both circumstances the underlying sentence was completed before the district court ordered additional probation. Because Dominguez had already completed her prison sentence in this case, the district court erred in ordering her to serve an additional 24 months of probation. Not only is this consistent with *Kinder*—it is the only logical result in this case. The district court cannot return to cases where the defendant has completed their entire prison sentence and add additional terms of probation. This court finds that the holding in *Kinder* mandates that the district court's order be reversed.

Having reversed the district court's imposition of additional probation, this court must address Dominguez' argument that the district court erred by implementing a 120-day sanction after she had already served her entire sentence. The State argues that Dominguez' claim is moot because she already served the 120-day sanction. The State is partially correct.

This court exercises unlimited review over a claim that a defendant's argument is moot. See *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) (explaining that a defendant's completion of a sentence does not necessarily render a case moot, and that a case is moot when there is no actual controversy remaining). A claim is properly dismissed as moot when "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 311 Kan. at 592. Here, as the party asserting mootness, the State has the initial burden to establish Dominguez' claim is moot and may do so by showing that Dominguez "has fully completed the terms and conditions of [her] sentence." See 311 Kan. at 593. The State has not presented any evidence that Dominguez served her 120-day prison sanction—but Dominguez agrees that she has completed the sanction. However, completion of her sanction alone does not render Dominguez' claim moot.

If Dominguez were to remain on probation and be subject to potential future sanctions—her claim would not be moot. See *State v. Clapp*, 308 Kan. 976, 987, 425 P.3d 605 (2018); *State v. Conway*, No. 120,181, 2019 WL 6972887, at *3 (Kan. App. 2019) (unpublished opinion); *State v. Hulsey*, No. 117,824, 2018 WL 2994426, at *2-3 (Kan. App. 2018) (unpublished opinion). However, because this court has determined that the district court's order extending her probation by 24 months must be reversed— Dominguez will no longer be on probation and therefore will no longer be subject to potential future sanctions. Therefore, to avoid dismissal of her claim, Dominguez must "show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." See *Roat*, 311 Kan. at 593.

Dominguez contends that this issue—whether a district court may impose probation sanctions after a defendant has completed the prison portion of their sentence— raises an issue of public importance that is capable of repetition and as such, should not be dismissed as moot. See *Kinder*, 307 Kan. at 244. Public importance is defined as "something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 5, 286 P.3d 871 (2012). Dominguez claims the exception applies to this case because "district courts are likely to see similar situations in the future. It is essential that district courts know what legal options they have when they sanction probationers." Dominguez further points out that no appellate decisions have squarely addressed the issue she raises. However, this court nevertheless declines to address Dominguez' claim. Even assuming she is correct and the sentencing issue is ripe for repetition, it is not a matter of public importance because it does not involve a statewide interest that public policy dictates this court must address. Moreover, no decision rendered by this court would change any existing law or otherwise work to prevent such a repetition because the law is already clear that courts may not impose sanctions on a defendant who has already completed their entire prison sentence prior to

imposition of the sanction—even if the probation violation occurred prior to such completion. Compare K.S.A. 2016 Supp. 22-3716(c)(7) ("A violation sanction imposed pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) shall not be longer than the amount of time remaining on the offender's underlying prison sentence.") with K.S.A. 2020 Supp. 22-3716(c)(6) ("A violation sanction imposed pursuant to subsection (c)(1) shall not be longer than the amount of time remaining on the offender's underlying prison sentence.").

Accordingly, because this court has reversed the district court's extension of Dominguez' probation and as of that reversal she is not subject to any further sanction in this case—Dominguez' claim regarding the imposition of a 120-day sanction is moot. After reversal of the district court's decision to extend Dominguez' probation, any judgment this court could enter regarding the 120-day sanction would be ineffectual for any purpose, would not impact the parties' rights, and does not fall under the exception for matters of public importance capable of repetition.

The district court improperly extended Dominguez' probation by 24 months after she had already completed her entire prison sentence – and that decision is reversed. This court finds that Dominguez' additional claim regarding the imposition of sanctions is moot and dismisses it.

Reversed in part and dismissed in part.