NOT DESIGNATED FOR PUBLICATION

No. 125,387

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

LUIS MERAZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed January 6, 2023. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before HILL, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Luis Meraz appeals from the district court's decision to revoke his probation after he violated the terms of his probation for a second time. On appeal, Meraz contends that the district court should have imposed a second intermediate sanction instead of ordering him to serve his underlying prison sentence. We granted Meraz' motion for summary disposition under Kansas Supreme Court Rule 7.014A (2022 Kan. S. Ct. R. at 48) and deem this appeal submitted for resolution. Based on our review of the record on appeal, we do not find that the district court erred in revoking Meraz' probation or in ordering him to serve his underlying sentence. Thus, we affirm.

1

FACTS

After Meraz pleaded guilty to aggravated battery and criminal threat for crimes occurring in October 2019, the district court sentenced him to 30 months in prison. However, it suspended the sentence and placed Meraz on probation. Unfortunately, Meraz has had difficulty fulfilling the terms of his probation.

The first time that Meraz stipulated to violating the terms of his probation, the district court imposed a three-day jail sanction. Subsequently, the State moved to revoke probation for a second time. At the revocation hearing, the district court found that Meraz had once again violated the terms of his probation and ordered him to serve his underlying prison sentence.

Thereafter, Meraz filed a "Pro Se Motion for Violation of Due Process" in the district court. In his motion, Meraz argued that the district court should have imposed another intermediate sanction. Finding that it had no jurisdiction to review a presumptive sentence, the district court denied Meraz' motion and he filed this appeal.

ANALYSIS

On appeal, Meraz asserts that the district court erred by failing to impose a second intermediate sanction before ordering him to serve his underlying prison sentence. Meraz cites us to K.S.A. 2014 Supp. 22-3716(c). In particular, he points to the fact that the 2014 version of the statute instructed district courts to impose a 2-day or 3-day jail sanction for a first probation violation and then a 120-day or 180-day prison sanction for a second probation violation. See K.S.A. 2014 Supp. 22-3716(c). However, because Meraz committed his crimes of conviction in October 2019, the 2014 version of the statute is not applicable in this case.

Effective July 1, 2019, the Kansas Legislature removed the 120-day and 180-day intermediate sanction requirement. See K.S.A. 2019 Supp. 22-3716(c). As a result, the district court had the authority to revoke Meraz' probation in this case because he had already been ordered to serve a three-day jail sanction for his first violation of the terms of probation. See K.S.A. 2019 Supp. 22-3716(c)(1)(C); see also *State v. Dominguez*, 58 Kan. App. 2d 630, 633, 473 P.3d 932 (2020). Consequently, the district court did not err as a matter of law, nor do we find an abuse of discretion based on our review of the record.

In summary, Meraz committed his crimes of conviction in October 2019. As a result, his reliance on the 2014 version of K.S.A. 22-3716(c) is misplaced. Instead, the 2019 version of the statute is applicable and it allowed the district court to order Meraz to serve his underlying sentence after he violated the terms of his probation for a second time. Accordingly, we affirm the district court's decision.

Affirmed.