NOT DESIGNATED FOR PUBLICATION

No. 128,889

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYANA LYNNE BARNES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed January 30, 2026. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Kyana Lynne Barnes appeals the Sedgwick County District Court's revocation of her probation in one case and her prison sentence in a second case. We granted Barnes' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State does not contest summary disposition. After review, we affirm the case in part and dismiss it in part.

FACTUAL AND PROCEDURAL BACKGROUND

Barnes was sentenced to 12 months' probation with an underlying sentence of 11 months' imprisonment for a felony theft conviction in case 24CR232. Three months later,

1

she served a 72-hour jail sanction imposed by her probation officer and a 3-day jail sanction imposed by the district court for two violations of her probation.

One month after that, while still on probation in 24CR232, the State charged Barnes with two counts of felony theft in a new case—24CR2388. Barnes entered into a plea agreement in 24CR2388 with the State. In exchange for that guilty plea:

> (1) she and the State agreed to recommend that the district court impose a prison sentence in the new case;
>
> (2) she acknowledged that by pleading guilty in the new case, she would violate her probation in 24CR232; and
>
> (3) she and the State agreed to ask the district court to revoke her probation in 24CR232 and order her to serve a modified prison sentence of seven months.

When entering her plea in 24CR2388, Barnes stipulated that she had violated her probation in 24CR232.

The district court then held a combined sentencing hearing for 24CR2388 and probation revocation hearing for 24CR232. In 24CR2388, the district court sentenced Barnes to a 10-month prison sentence (the mid-range duration), with 12 months of postrelease supervision. The disposition was presumptive probation, but because Barnes had committed a felony while on probation, a special sentencing rule applied that permitted the district court to sentence her to prison. See K.S.A. 21-6604(f)(1) ("When a new felony is committed . . . while the offender is on probation . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure.").

2

In 24CR232, the district court found that Barnes had served prior jail sanctions and had committed other offenses while on probation—those in 24CR2388. Because Barnes had committed a new crime while on probation, the district court revoked her probation and ordered her to serve a modified term of imprisonment of seven months. The district court ordered the seven-month prison sentence in 24CR232 to run consecutive to the 10-month prison sentence in 24CR2388, for a controlling prison sentence of 17 months.

Barnes timely appeals her sentence in 24CR2388 and the revocation of her probation in 24CR232. We consolidated the cases on appeal.

*Did the district court err by sentencing Barnes to prison in 24CR2388?*

Barnes argues that the district court should have sentenced her to probation instead of prison in 24CR2388 because she would be best served by substance abuse treatment, not incarceration.

Before we can reach the merits of Barnes' challenge to her sentence in 24CR2388, we must address a jurisdictional hurdle. Where jurisdiction is found to be lacking, the appeal must be dismissed. *State v. Phipps*, 320 Kan. 616, 622, 570 P.3d 1240 (2025) ("When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal."), *reh. granted* October 17, 2025.

Kansas appellate courts lack jurisdiction to review sentences resulting from an agreement between the State and a defendant that has been approved on the record. K.S.A. 21-6820(c)(2) ("On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review . . . any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."). The State and Barnes have such an agreement here. The

State and Barnes agreed to the sentence imposed by her plea agreement, and the district court approved that agreement on the record and sentenced Barnes accordingly.

We thus lack jurisdiction to consider this argument and must dismiss this portion of Barnes' appeal.

*Did the district court err by revoking Barnes' probation in 24CR232?*

Next, Barnes argues that the district court abused its discretion by revoking her probation in 24CR232 and ordering her to serve a modified seven-month prison sentence because she needed substance abuse treatment, not incarceration.

Once a probation violation has been established, the district court's decision to revoke or modify the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). We review the propriety of the district court's revocation of probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. 315 Kan. at 328. Barnes bears the burden of establishing such abuse of discretion. See 315 Kan. at 328. Barnes tacitly asserts that the district court's decision was unreasonable because she would be better served by continuing probation so she could receive substance abuse treatment.

A district court must apply the probation revocation structure in effect on the date the probationer committed the crime of conviction. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). Barnes' underlying offense was committed in September 2023, so K.S.A. 2023 Supp. 22-3716 provides the controlling probation revocation rules.

4

Under that statute, generally, before a district court may revoke an offender's probation, it must have imposed intermediate sanctions on the offender. See K.S.A. 2023 Supp. 22-3716(c)(1)(B), (c)(1)(C). But one exception to this rule is the "new crime exception." K.S.A. 2023 Supp. 22-3716(c)(7)(C). Under this exception, the district court may bypass intermediate sanctions and revoke probation. See K.S.A. 2023 Supp. 22-3716(c)(7).

The district court had the legal authority to revoke Barnes' probation, as it is undisputed that she committed a new crime while on probation. See K.S.A. 2023 Supp. 22-3716(c)(7)(C). Barnes merely argues that the district court abused its discretion by revoking her probation and imposing her modified underlying sentence, even though Barnes agreed in her plea agreement in 24CR2388 that she had violated her probation, that her probation in 24CR232 should be revoked, and that a modified prison sentence should be imposed. The district court did exactly as Barnes requested.

Our review of the record reveals no abuse of discretion by the district court's revocation of Barnes' probation given her performance while on probation, especially in light of her commission of a new crime. See K.S.A. 2023 Supp. 22-3716(c)(7). We thus affirm the district court's revocation of Barnes' probation in 24CR232 and its order that she serve a modified seven-month prison sentence.

Affirmed in part and dismissed in part.