NOT DESIGNATED FOR PUBLICATION

No. 122,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

WILLIAM T. KEMP,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed August 6, 2021. Sentence vacated and case remanded with directions.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: After revoking William T. Kemp's probation, the district court relied on the public safety/offender welfare exception in K.S.A. 2018 Supp. 22-3716(c)(9)(A) to bypass intermediate sanctions and impose Kemp's underlying prison sentence. Because the district court failed to make the particularized findings that are required to invoke this exception to the intermediate sanctions requirement, we vacate Kemp's sentence and remand the matter to the district court for a new dispositional hearing.

1

In August 2017, Kemp pled guilty to possession of amphetamine, an offense he committed in 2015. The district court granted a downward dispositional departure and sentenced him to 12 months' probation, with an underlying 32-month prison sentence.

Kemp promptly violated the terms of his probation by failing to report to his intensive supervision officer (ISO) in November and December 2017. The district court issued a probation violation warrant in January 2018, and Kemp was arrested in October 2018. At the subsequent hearing, the district court extended Kemp's probation for 12 months from the date of the hearing, ordered drug treatment, and imposed a 60-day jail sanction as a condition of the reinstated probation. The district court also cautioned Kemp that this was his "last chance" and there would be "zero tolerance on any future parole violations."

Kemp again violated his probation, this time by attending none of his required drug and alcohol groups from October 30, 2019, through December 13, 2019. The State recommended revoking probation, noting this was Kemp's second probation violation and his first violation was for failing to report to his ISO, who did not have contact with Kemp for a year. The State also noted the district court's prior zero tolerance warning on any future violations.

Kemp admitted his violation but argued against the imposition of a sanction. Kemp claimed he missed his drug treatment classes because he suffered from a hip condition which prevented him from sitting for long periods of time. However, Jessica Scott, Kemp's ISO, testified she had directed Kemp to contact the drug treatment provider to discuss accommodation of his condition, but Kemp failed to do so. She also testified Kemp had taken two years to obtain a drug and alcohol evaluation, and he had not yet engaged in treatment, despite being ordered to do so.

The district court judge revoked Kemp's probation, stating, "Based on the statements of counsel, as well as the information provided by Ms. Scott, at this point I do make a finding that Mr. Kemp does pose a danger to the community and himself. I'm therefore imposing the controlling sentence in this case." On the corresponding journal entry, the district court checked the following preprinted boxes:

"Disposition:
      "□ Violations Determined, Probation Revoked and Defendant Ordered to Serve:
      "□ Original Sentence
      "□ Court revoked per K.S.A. 22-3716(c)(7) because:
      "□ Public safety (state reasons in comment box)
      "□ Court remand Defendant to custody of Sheriff to begin serving sentence."

In the comment box, the district court stated: "[Kemp] failed to engage in treatment. Court imposed controlling sentence after finding [Kemp] is a threat to the community."

Kemp argues the district court's revocation of his probation was in error because it failed to make the particularized findings necessary to bypass the intermediate sanctions required by statute in this situation.

ANALYSIS

We review a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Kemp bears the burden of showing the abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under the probation revocation statute applicable in this case, K.S.A. 2018 Supp. 22-3716, a district court must first exhaust the required intermediate sanctions before revoking a defendant's probation. These sanctions include: (1) either the district court, the defendant's court services officer, or the defendant's community corrections officer must impose a two-day or a three-day jail sanction; and then (2) the district court must impose either a 120-day or 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(b)(4)(A)-(B), (c)(1)(B)-(E); see also *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020) (finding 2019 amendment to intermediate sanctioning scheme—which removed 120-day and 180-day prison sanctions—does not apply retroactively to probation violators who committed crime before amendment's July 1, 2019 effective date).

That said, there are several statutory exceptions that allow a district court to bypass the intermediate sanctions requirement—one being the public safety/offender welfare exception. See K.S.A. 2018 Supp. 22-3716(c)(9)(A). This exception requires that "[t]he court finds and *sets forth with particularity the reasons* for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by [an intermediate] sanction." (Emphasis added.) K.S.A. 2018 Supp. 22-3716(c)(9)(A). A district court cannot implicitly state its reasons for finding that an intermediate sanction would jeopardize the safety of members of the public or would not serve the welfare of the offender. See *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018) ("'[A]n implicit determination is not enough when particularized findings are required by statute.'"). Instead, because the statute requires the district court to set forth the reasons with particularity, the reasons "'must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" 308 Kan. at 652.

The district court "must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the

intermediate sanctions." *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). A district court's conclusory remarks about the offender's unwillingness or inability to conform his or her behavior to the requirements of probation is not sufficient. Instead, it must explain *how* imposition of an intermediate sanction would jeopardize the safety of members of the public or *how* it would not serve the offender's welfare. See 52 Kan. App. 2d at 49 (finding district court's reasons for revoking probation—it was a drug case, defendant continued to use drugs, defendant failed to attend drug treatment, defendant failed to report, and defendant had a new municipal charge—were insufficient).

We find the district court did not sufficiently state how an intermediate sanction would jeopardize the public's safety or fail to serve Kemp's welfare. Its references at the hearing to the "statements of counsel" and "information provided by [Kemp's ISO]" are unspecific, and we will not infer the district court's meaning when the statute requires particularized findings. *Dooley*, 308 Kan. at 652.

The journalized statement, that Kemp failed to engage in treatment, does not explain how imposing an intermediate sanction and continuing probation would not serve Kemp's welfare. As in *McFeeters*, stating that the defendant failed to attend drug treatment is not sufficient under the requirements of K.S.A. 2018 Supp. 22-3716(c)(9)(A). See 52 Kan. App. 2d at 49. The district court's conclusory statement that Kemp is a threat to the community is similarly insufficient since the court failed to set forth its reasons for coming to this conclusion.

The district court abused its discretion by committing an error of law when it failed to set forth with particularity its reasons for relying on the public safety/offender welfare exception to bypass intermediate sanctions and revoke Kemp's probation. We vacate the district court's order sentencing Kemp to prison and remand this matter for a new dispositional hearing, where the district court may either impose an intermediate

sanction or set forth with particularity its reasons for invoking the exception under K.S.A. 2018 Supp. 22-3716(c)(9)(A) before ordering Kemp to serve his prison sentence.

Kemp's sentence is vacated, and the case is remanded to the district court for a new dispositional hearing. We do not find the circumstances warrant remanding to a different district judge, as Kemp requests.

Sentence vacated and case remanded with directions.