NOT DESIGNATED FOR PUBLICATION

No. 123,936

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERESA MENDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed February 18, 2022. Reversed and remanded with directions.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Teresa Mendez appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Mendez' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State filed no response. For the reasons stated below, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

In 2003, Mendez pled no contest to possession of marijuana with the intent to deliver. Mendez was released on an own recognizance bond and the district court set the matter for sentencing. Mendez failed to appear for sentencing and the district court issued

1

a bench warrant. In December 2019, Mendez was arrested in Arizona on the bench warrant and extradited back to Kansas. On February 21, 2020, the district court found Mendez to be in a border box and sentenced her to 22 months' imprisonment but granted probation for 18 months to be supervised by community corrections.

Five days later, on February 26, 2020, Mendez was deported back to her home country, Mexico. On April 3, 2020, the State moved to revoke Mendez' probation, with an affidavit alleging that because of her deportation, Mendez had not followed the conditions of her probation. The district court issued an arrest warrant for the violation.

On March 31, 2021, Mendez was arrested on the warrant. At a hearing on April 19, 2021, Mendez stipulated to the probation violation as alleged in the affidavit. The district court noted that reentry was probably a new crime, but it declined to revoke on that basis. Instead, it said that it would be "impossible for [Mendez] to perform probation" because she would be deported if the court placed her back on probation. The district court declined to terminate the case because it would "simply reward[]" Mendez for failing to appear for 15 years. The district court then stated that in a presumptive prison case, when the person cannot perform their probation duties, the court must impose a prison sentence. Thus, the district court revoked Mendez' probation and imposed the original sentence. Mendez timely appealed the district court's judgment.

ANALYSIS

On appeal, Mendez claims the district court abused its discretion when it revoked her probation. Mendez argues that "revocation was unreasonable without any prior sanctions, and because the government's action of forcibly removing her from the United States made complying with her probation impossible."

2

First, Mendez cannot now challenge the district court's decision that she violated the conditions of her probation because she stipulated to the violation at her revocation hearing. Thus, the only question on appeal is whether the district court properly revoked her probation. This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018).

The law on probation violations and the proper sanction has shifted in the time between when Mendez committed her crime and when she violated the conditions of her probation. When Mendez committed her crime, in 2003, the district court had broad discretion in revoking probation after the defendant violated the conditions of probation. See K.S.A. 2002 Supp. 22-3716(b) ("if the violation is established, the court may continue or revoke the probation . . . and may require the defendant to serve the sentence imposed, or any lesser sentence . . . ."); *State v. Clapp*, 308 Kan. 976, 981, 425 P.3d 605 (2018) ("Prior to July 1, 2013, a district court had broad discretion to enter a variety of sanctions once it determined that a defendant had violated the terms of probation.").

But as of July 1, 2013, the Legislature amended the probation revocation statutes to impose a graduated sanctioning scheme. This amendment limited the discretion a district court had in sanctioning a defendant who violated the conditions of probation. 308 Kan. at 982. In 2014, the Legislature added a subsection explicitly enumerating its intent that the new intermediate sanctioning scheme apply to "any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." K.S.A. 2020 Supp. 22-3716(c)(10).

3

Under the graduated sanctioning scheme, the district court had to first impose a two- or three-day jail sanction for a violation. See K.S.A. 2018 Supp. 22-3716(c)(1)(B). After the district court imposed at least one jail sanction, it then had to impose either a 120-day or 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). Only after the district court imposed both a jail sanction and a prison sanction, could the defendant's probation be revoked, and the original sentence, or any lesser sentence, could be imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E). The statute recognized a few statutory bypass provisions allowing the district court to revoke a defendant's probation without following the intermediate sanctioning scheme. K.S.A. 2018 Supp. 22-3716(c)(8), (c)(9).

The Legislature continued to amend the statute in later years. In 2017 the Legislature added an exception to allow a district court to revoke a defendant's probation without imposing intermediate sanctions if the defendant received a dispositional departure. See *Coleman*, 311 Kan. at 337. And effective July 1, 2019, the Legislature removed the 120-day and 180-day prison sanctions from the intermediate sanctioning scheme. See K.S.A. 2019 Supp. 22-3716(c). But Kansas courts have ruled that these amendments—occurring after the Legislature enacted the retroactivity clause in 2014—cannot apply prospectively. See *Coleman*, 311 Kan. at 337 (stating the dispositional departure sanction, added in 2017 cannot apply to offenders whose offense or crimes of conviction occurred before July 1, 2017); see also *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020) ("[T]he 2019 amendment to the intermediate sanctioning scheme at K.S.A. 22-3716 does not apply retroactively to probation violators whose crimes were committed before the effective date of the amendment.").

To summarize what this means for Mendez' case, although she committed her crime in 2003, because her probation violation occurred after July 1, 2013, the intermediate sanctioning scheme enumerated in K.S.A. 2018 Supp. 22-3716 governs her revocation, not the probation laws in effect when she committed her crime. But because she committed her crime before 2017 and 2019, when the Legislature added the

4

dispositional departure exception and removed the second intermediate prison sanction, those versions cannot apply to her case. Thus, to legally revoke Mendez' probation the district court either had to impose at least one jail sanction followed by one prison sanction or cite an applicable statutory bypass provision.

Mendez did not receive any prior sanction before the district court revoked her probation. Thus, unless the district court cited a valid statutory bypass, the court erred in revoking her probation without imposing an intermediate sanction.

The district court here explicitly declined to revoke her probation based on the possibility that reentry was a new crime. Instead, the only reasons the district court cited were that Mendez originally had a presumptive prison case and that performing on probation would be impossible for her. The district court's statement could perhaps liberally be construed as invoking the dispositional departure exception because Mendez was in a border box at sentencing. But Mendez' border-box sentence was not a departure. See K.S.A. 2020 Supp. 21-6604(q). And the district court cannot rely on the dispositional departure exception for crimes committed before July 1, 2017. See *Coleman*, 311 Kan. at 337. As a result, the district court did not cite a valid statutory bypass provision.

In sum, the district court committed an error of law in revoking Mendez' probation without either imposing an intermediate sanction or citing a valid statutory bypass provision. As a result, we must remand this case to the district court to conduct a new disposition hearing. It appears from our record that Mendez may have completed her original sentence. On remand, the parties and the district court may consider whether this case is moot. If the district court finds the case is now moot, an appropriate disposition would be to dismiss the motion to revoke probation and close the case.

Reversed and remanded with directions.