NOT DESIGNATED FOR PUBLICATION

No. 124,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HARLIN T. MURIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed December 23, 2022.
Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Kyle Stutzman*, legal intern, *Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district
attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER and COBLE, JJ.

PER CURIAM: Harlin T. Murie pled guilty to distribution of methamphetamine and
was granted a downward dispositional sentence resulting in probation with an underlying
prison term. After he violated the terms of his probation, Murie served three days in jail.
Six months later, he violated his probation again. When he failed to appear for two
probation violation hearings, the court issued bench warrants for his arrest. Murie was
later arrested pursuant to the warrants during a traffic stop. After an evidentiary hearing,
the district court revoked Murie's probation without imposing further intermediate
sanctions. Murie appeals, arguing that the court's revocation of his probation did not meet

1

the standard required under K.S.A. 2017 Supp. 22-3716(c). We disagree. Finding the decision of the district court was within its discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2020, Murie pled guilty to one count of distribution of methamphetamine. After Murie sought a downward dispositional departure sentence, on May 29, 2020, the district court granted the departure and sentenced Murie to 36 months' probation with an underlying prison sentence of 98 months.

About five months later, on October 27, 2020, the district court held a probation violation hearing after the State alleged Murie was in violation of conditions of his probation. The intensive supervision officer (ISO) reported multiple violations, including that Murie tested positive for methamphetamine and failed to comply with other requirements, such as providing proof of attending drug and alcohol treatment, obtaining employment, paying court costs, and contacting Offender Registration to update his address. Murie admitted to the probation violations and waived his right to an evidentiary hearing. As a result, the district court found Murie in violation of his probation and imposed a three-day jail sanction.

On March 17, 2021, the State alleged that Murie again violated the terms of his probation. The ISO reported six violations, including:  (1) failed to report to the ISO as instructed, (2) failed to notify the ISO of his address change within 24 hours, (3) failed to provide proof of attending drug and alcohol treatment, (4) allowed the battery of his electronic monitoring device to die, (5) failed to complete community service work as directed, and (6) failed to pay court costs. The district court issued a warrant for Murie's arrest.

2

The district court held a probation violation hearing on May 28, 2021, but Murie failed to appear. The hearing adjourned and an amended warrant was to be issued. However, later that day Murie reached out to the court through his counsel advising he wanted to resolve the matter. The district court rescheduled the probation violation hearing and withheld issuing the amended bench warrant.

The rescheduled probation violation hearing was held on June 2, 2021. Murie's counsel advised the court he had communicated with Murie the night before via text messages confirming Murie remembered the hearing and knew what time to arrive, yet Murie failed to appear. The district court issued the amended warrant to include the six previous alleged probation violations from the March warrant and added Murie's failure to report to his ISO and that his whereabouts were unknown.

Murie was arrested pursuant to the amended warrant during a traffic stop on June 10, 2021. In light of the events occurring during that stop, the State followed up with another warrant on June 14, 2021, alleging that Murie violated his probation conditions by committing new offenses:  two aggravated weapons violations and use or possession of drug paraphernalia.

A probation violation hearing was held on June 29, 2021, during which Murie admitted to the technical violations alleged in the March 17 warrant but denied the allegations of the aggravated weapons and possession of drug paraphernalia offenses resulting from his arrest. The district court granted the State's request for an evidentiary hearing.

The district court held the evidentiary hearing on July 30, 2021. The arresting police officer testified that he pulled a vehicle over for displaying an illegal license plate and tag and Murie was discovered riding in its front passenger seat. After the driver referenced Murie's first name, the officer found the two warrants during a records check

3

and took Murie into custody. The officer also found a backpack on the vehicle's floorboard next to Murie's feet. During an inventory search after law enforcement impounded the vehicle, the police found inside the backpack two fixed blade knives, a scale, and a debit card embossed with Murie's name. The scale had white crystalline residue on it, which appeared to be methamphetamine. The police officer testified that the debit card was found in a smaller pocket on the front of the backpack while the scale and knives were found in the main larger compartment.

The district court found that the State met its burden to show that Murie possessed the backpack and contraband found inside by a preponderance of the evidence. The district judge stated:

> "In addition to the debit card with Mr. Murie's name found in the same backpack as both the knives and the scale with the methamphetamine residue, [the arresting officer] also testified that he pulled Mr. Murie from the [passenger] seat and the backpack was located in the same general area as Mr. Murie. So in addition to having some indicia of ownership located in the backpack, the backpack was also located near where Mr. Murie was sitting in the car. Based on those factors, I find that the State has proven that its more likely true than not that the contents in the backpack and the backpack itself belonged to Mr. Murie."

The district court also referenced the other technical violations alleged in Murie's first and second warrants, stating that this was not his first failed chance at probation and that the previous warrant was issued because he was still using and appeared to be still dealing drugs. At the conclusion of the evidentiary hearing, the district court revoked Murie's probation and ordered him to serve his underlying sentence but at a reduced duration of 60 months.

4

Murie timely appeals, claiming that the State failed to prove his possession of the backpack and that the district court erred by revoking his probation based on those findings.

DISCUSSION

Murie claims that the district court erred by revoking his probation based on its finding that the State proved by the preponderance of evidence that he violated the terms of his probation. The State contends that the evidence presented was sufficient to show Murie possessed the contraband found within the backpack placed next to his feet inside the vehicle.

*Standard of review*

An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The movant bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*The district court did not err by finding that Murie possessed the backpack containing contraband, thereby violating the terms of his probation.*

Murie asserts that the district court erred by revoking his probation based on the State's lack of evidence. More specifically, he argues that the district court abused its discretion because it found the State's evidence was sufficient to show by the preponderance of the evidence that Murie was in possession of the contraband, resulting in a violation of his probation terms.

5

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). But once it is conferred upon a defendant, the defendant has a liberty interest in remaining on probation and may only have it revoked if the defendant fails to comply with conditions of probation. *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation (the violation stage); and (2) a discretionary determination as to the appropriate disposition in light of the proved violations (the revocation stage). *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018) (citing *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 [2008]).

*The violation stage*

The first step requires the State to establish that the probationer violated the terms of probation by a preponderance of the evidence—that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). And appellate courts review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Murie argues that the mere proximity of the backpack was insufficient to prove he possessed the items inside. He claims that although his debit card was found inside the backpack, it was found in a separate case in a different pocket and not with the scale or the knives. Murie asserts that this shows a lack a connection between him and the scale and the knives.

In support of his argument, Murie relies on this court's ruling in *State v. Beaver*, 41 Kan. App. 2d 124, 200 P.3d 490 (2009). There, Beaver was arrested near a table that was holding drugs and illegal substances in plain view while law enforcement was executing the search warrant of a house. Beaver was only a visitor and not a resident of the home. A

6

panel of this court found that there was no probable cause to support Beaver's constructive possession based on the mere presence of Beaver in the house and in proximity to the drugs. 41 Kan. App. 2d at 132. This court noted in reaching the conclusion that (1) Beaver "was not a resident of the home" where the drugs were found; (2) there was "no evidence showing his belongings were found in close proximity with the seized items"; (3) there was "no evidence that Beaver had ever participated in the sale of drugs"; (4) and there was "no evidence that Beaver acted in a suspicious or otherwise incriminating behavior." 41 Kan. App. 2d at 131-32.

Here, in contrast to the facts found in *Beaver*, law enforcement found Murie inside the vehicle with the backpack placed on the floorboard at his feet. While the proximity of the backpack alone may be insufficient, Murie's own debit card was found in the backpack, albeit in a separate case in a different pocket than the scale or the knives, but Murie does not offer any explanation about why, or how, the debit card with his name was present in the backpack. Moreover, the backpack was located where Murie could easily exercise control over the items, and the outstanding warrants revealed to the arresting officer Murie's prior experience with dealing and using methamphetamine. Such facts, viewed cumulatively with Murie's drug history, were sufficient circumstantial evidence to generate a reasonable inference from which a reasonable fact-finder could find beyond a reasonable doubt that Murie had possession or control over the backpack.

As defined by the Kansas Criminal Code, possession is exhibited through the "joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2021 Supp. 21-5701(q); see *State v. Crosby*, 312 Kan. 630, 637, 479 P.3d 167 (2021); *State v. Rosa*, 304 Kan. 429, 435, 371 P.3d 915 (2016). Murie's claim that his circumstance is analogous to the *Beaver* court's "'mere'" proximity finding is erroneous.

7

The State argues that this court's ruling in *State v. Siebold*, No. 101,687, 2010 WL 1882148 (Kan. App. 2010) (unpublished opinion), is more applicable to these facts. In *Siebold*, the police found drugs and drug paraphernalia hidden from plain view in Siebold's vehicle during a traffic stop. Siebold was arrested and charged with possession of drugs and drug paraphernalia (among other charges inapplicable here) but claimed the contraband did not belong to him but to his wife, without denying the existence of the contraband in his vehicle. The jury found Siebold guilty on the possession charges. Siebold appealed, and a panel of this court, specifically distinguished *Beaver* and upheld Siebold's conviction. 2010 WL 1882148, at *8. The *Siebold* court considered that he was the owner of the vehicle, he was inside the vehicle, and the contraband was found near Siebold's belongings inside the vehicle. Our court found that "the State presented sufficient circumstantial evidence from which the jury could have concluded, beyond a reasonable doubt, that Siebold constructively possessed the methamphetamine and drug paraphernalia found in his car." 2010 WL 1882148, at *8.

The State's reliance on *Siebold* is more persuasive under these facts. Although Murie was not the owner of the vehicle, this court has consistently held that proximity of drugs combined with additional evidence, circumstantial may it be, is sufficient to support a conviction of possession beyond a reasonable doubt. See *State v. Sharpnack*, No. 113,959, 2017 WL 2001601, at *7 (Kan. App. 2017) (unpublished opinion); *State v. Rosa*, No. 108,807, 2014 WL 642051, at *4 (Kan. App. 2014) (unpublished opinion); *State v. Tummons*, No. 104,101, 2012 WL 1352822, at *7 (Kan App. 2012) (unpublished opinion); *State v. Rauh*, No. 103,497, 2011 WL 6309159, at *2-3 (Kan. App. 2011) (unpublished opinion).

Murie's argument, on the other hand, hangs thinly on the thread of his claim that the State proved nothing except the proximity of the backpack to him in the car. Yet, as noted above, his proximity to the backpack was not viewed in a vacuum; it was considered together with other evidence, including the presence of his debit card—a

significant indicia of ownership—and his criminal history. When viewed together, the evidence is substantially sufficient under Kansas law for a reasonable fact-finder to determine that, more likely than not, Murie possessed the backpack and by extension the contraband found inside the backpack. This is true especially when reviewing Murie's challenge to the sufficiency of the evidence in a light most favorable to the State, as we are required to do. See *Rosa*, 304 Kan. at 432.

Conditions of Murie's probation included a requirement to obey the law and a prohibition against the possession of drug paraphernalia. Possession of drug paraphernalia, such as the scale found in the backpack, is prohibited under Kansas law. See K.S.A. 2021 Supp. 21-5709(b) (prohibition against possession of drug paraphernalia). Viewing the evidence in a light most favorable to the State, the evidence was sufficient to find Murie possessed the backpack containing contraband, including drug paraphernalia—a scale with apparent methamphetamine residue. So, the district court's finding that the State proved Murie's probation violation by the preponderance of the evidence is supported by substantial competent evidence.

And, even without the district court's finding that Murie possessed the backpack and items inside, Murie admitted to the multiple technical violations included in the March 2021 warrant. Given this admission, the district court did not abuse its discretion by finding Murie violated the terms of his probation.

*The revocation stage*

Even if the district court erred in finding Murie possessed the backpack and committed new offenses as a result, its revocation of his probation was within its permitted statutory discretion given his admission to his violation of other probation terms. After finding Murie violated the terms of his probation, the district court was required to next exercise its authority to fashion a punishment within the statutory

9

framework of K.S.A. 2017 Supp. 22-3716. A district court abuses its discretion when it steps outside the framework or fails to properly consider the statutory standards. *State v. Grossman*, 45 Kan. App. 2d 420, 427, 248 P.3d 776 (2011).

Although Murie does not mention on appeal that the district court abused its discretion, it is implied because he claims that the court's decision was erroneously based on his possession of the backpack. He argues that had the district court not found he possessed the backpack, he would not have been sentenced to the underlying prison term solely based on the admission of his prior technical violations. However, Murie's argument that the technical violations somehow did not warrant imposition of the underlying sentence is unpersuasive because it disregards the application of the sanctions scheme found in K.S.A. 2017 Supp. 22-3716(c).

A court applies the sanctioning scheme in effect at the time the offender's crimes were committed when determining the disposition of an offender following a probation violation. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). Since enacting the graduated probation sanctioning scheme in 2013, the Legislature has amended K.S.A. 22-3716 five times—in 2014, 2016, 2017, 2018, and 2019. Murie's crimes were committed in February 2018, before the 2018 amendment, so the sanctions scheme of K.S.A. 2017 Supp. 22-3716(c) controlled Murie's punishment. See *Coleman*, 311 Kan. at 334-37. K.S.A. 2017 Supp. 22-3716(c)(9)(B) provides an exception to the intermediate sanction scheme, allowing the district court to bypass intermediate sanctions and revoke probation if the probation granted was a result of a dispositional departure at sentencing.

The district court did not expressly identify this exception to intermediate sanctions during its ruling to revoke Murie's probation. But the State referenced the prior dispositional departure sentence during the probation violation hearing and reminded the district court that intermediate sanctions were not required. The district court did not

10

disregard the State's argument; rather, it replied to the State's claim by immediately stating, "He's *also* already had a quick-dip . . . ." (Emphasis added.) The use of the word "also" implies that the district court acknowledged the dispositional departure in the original sentencing as raised by the State. And even if the district court had not so acknowledged, our Supreme Court has held that under K.S.A. 2018 Supp. 22-3716(c)(9)(B), "the dispositional departure statutory exception does not require particularized findings." *State v. Tafolla*, 315 Kan. 324, 331, 508 P.3d 351 (2022). Our Supreme Court found the plain language of K.S.A. 2018 Supp. 22-3716(c)(9)(B) authorizes the district court to bypass intermediate sanctions and revoke an offender's probation if the probation was originally granted as a result of a dispositional departure. 315 Kan. at 331. Therefore, the district court had the discretion to revoke Murie's probation without applying intermediate sanctions, pursuant to K.S.A. 2017 Supp. 22-3716(c)(9)(B), regardless of whether it considered Murie's possession of the backpack containing contraband.

Although Murie acknowledges that the district court granted his motion for a downward dispositional departure at his original sentencing hearing, he conveniently ignores the dispositional departure statutory exception under K.SA. 2017 Supp. 22-3716(c)(9)(B) and the district court's discretion to utilize that exception. Because the district court had the statutory authority to revoke Murie's probation even without the State's finding of the new offenses, it did not abuse its discretion by revoking Murie's probation without imposing intermediate sanctions.

Affirmed.

11